FLOY EMILY BROWNFIELD, Appellant, v. F. W.
WOOLWORTH CO., a Corporation Organized
and Existing Under the Laws of the State of
New York, Respondent.

No. 3699

October 24, 1952.                    248 P.2d 1078.

See also 69 Nev. 143, 242 P.2d 810, 69 Nev. 297, 251
P.2d 589.

*Clyde D. Souter,* of Reno, for Appellant.

*Woodburn, Forman & Woodburn,* and *Gordon R.
Thompson,* of Reno, for Respondent.

## OPINION

By the Court, MERRILL, J.:

This is an action brought by appellant as plaintiff for personal injuries resulting from negligence. The appeal is taken from judgment of the trial court on the ground that the damages awarded are inadequate in the light of the findings (the trial having been had before the court without a jury) ; that the judgment, therefore, is not supported by the findings. Judgment was in favor of appellant in the sum of $1,233.20. The record is limited to the judgment roll. It does not appear that any motion for new trial ever was made.

No objection to the findings of fact was made by respondent, nor were any additions thereto or modifications thereof proposed. The findings by reference adopt as true many of the allegations of the complaint. In this manner they deal in detail with the nature of respondent's negligence, with the manner in which that negligence proximately caused the injury to appellant and, in particular detail, with the nature and extent of appellant's injuries. By such reference the trial court has incorporated into its findings not only a wealth of factual detail, but also much of appellant's descriptive

language and reiteration respecting severe pain, severe shock, constant pain, intense pain and agony, fear and anguish. It is this elaborate detail, attributable to the findings, which, appellant contends, renders the findings so complete as to eliminate all need for a transcript of testimony in order that this court determine as matter of law that the judgment is inadequate. This, however, is not the essential problem presented by this appeal.

The findings also contain the following: "That said injuries to the Plaintiff, Floy Emily Brownfield, caused said Plaintiff, Floy Emily Brownfield, extreme physical and mental pain and suffering, as above found, to the damage of said Floy Emily Brownfield in the sum of One Thousand Dollars." This finding squarely supports the judgment. It would appear, therefore, that rather than an inconsistency between the findings, standing as a whole, and the judgment, the inconsistency is between the findings themselves.

Appellant contends, however, that the finding quoted is, properly speaking, no finding at all, but rather the court's conclusion and decision from the facts. No authority is cited for this proposition and we are unable to accept it as valid. This is not a case where the monetary extent of damage can be calculated by reference to some objective standard and thus ascertained as matter of law. The elements of pain and suffering are wholly subjective. It can hardly be denied that, because of their very nature, a determination of their monetary compensation falls peculiarly within the province of the jury or, as in this case, the trial court as finder of fact.

We are, then, confronted with findings which upon their face appear inconsistent. Under these circumstances and in the absence of any record of the evidence we cannot assume that either is correct or that either is erroneous or unfounded. Of necessity we must hold that appellant has failed to sustain her proposition that

the judgment is not supported by the findings but is inconsistent therewith.

Further it should be clear that even were we disposed, in the absence of any record of the evidence, to prefer one finding over another and conclude generally that the judgment was inadequate, the proper remedy would be to remand for new trial. We may not invade the province of the fact-finder by arbitrarily substituting a monetary judgment in a specific sum felt to be more suitable. Appellant having failed to move for new trial, this relief, even were we disposed to grant it, is not available.

Judgment is affirmed with costs.

BADT, C. J., and EATHER, J., concur.

ON PETITION FOR REHEARING

December 22, 1952.                          251 P.2d 589.

**Rehearing denied.**

See also 69 Nev. 143, 242 P.2d 810, 69 Nev. 294, 248 P.2d 1078.

*Clyde D. Souter,* of Reno, for Appellant.

*Woodburn, Forman & Woodburn,* and *Gordon R. Thompson,* of Reno, for Respondent.

ON PETITION FOR REHEARING

By the Court, MERRILL, J.:

In our view there is no merit in appellant's petition

for rehearing, confined as it is to a detailed reargument of points expressly considered in our opinion upon the merits, to all of which we adhere. We would ordinarily, therefore, be disposed to deny rehearing without opinion were it not for the fact that upon one point we feel further expression might prove helpful and clarifying. In questioning our statement that should we have been disposed to hold the judgment to be inadequate, the proper remedy would be to remand for new trial, appellant has wholly misconceived the nature of action taken by this court in certain cases. Lest that misconception prove general, this opinion is written.

Cutler v. Pittsburg Silver Peak Gold Mining Co., 34 Nev. 45, 116 P. 418; Konig v. Nevada-California-Oregon Ry., 36 Nev. 181, 135 P. 141, and Knock v. Tonopah & Goldfield Ry. Co., 38 Nev. 143, 145 P. 939, L.R.A. 1915F, 3, were cases in which this court determined that damages were excessive. This court did not, however, as asserted by appellant, modify the judgment in accordance with its views as to what was suitable. On the contrary, the effect of the action taken was to reverse and remand for new trial with provision made for an alternative to new trial optional with the plaintiff (the party unfavorably affected). As such alternative the court in effect authorized the plaintiff to make partial remission of judgment and ordered that if such remission were made, the judgment be modified and reduced accordingly and as so modified be affirmed. This is a far different thing from the outright modification which appellant seeks of this court. See: Ann. 53 A.L.R. 779; 95 A.L.R. 1163. As stated by the editors in the earlier annotation:

"The authorities, however, unanimously hold that a court is powerless to reduce the verdict of the jury in an action for unliquidated damages and render judgment for a less amount, unless the party in whose favor the verdict was rendered consents to the reduction, since

a reduction under such circumstances invades the province of the jury, the proper course, if a remittitur [reduction] is refused, being to set aside the verdict and award a new trial."

In Campbell v. Sutliff, 193 Wis. 370, 214 N.W. 374, 378, 53 A.L.R. 771, although the proof established without controversy that the plaintiff was entitled to damages in some amount for pain and suffering, the jury allowed nothing for that element. The trial court then fixed such damages at $50. The opinion stated:

"But in the case at bar the court has gone outside the realm of established practice and assessed the damages for pain and suffering as a jury might have done, and entered judgment for such amount without giving either party the option to consent to the entry of such judgment or to submit to a new trial. Where damages in tort have been assessed by a jury, no court, upon a motion for a new trial, 'is authorized, according to its own estimate of the amount of damages which the plaintiff ought to have recovered, to enter an absolute judgment for any other sum than that assessed by the jury.' Kennon v. Gilmer, 131 U.S. 22, 29, 9 S.Ct. 696, 699, 33 L.Ed. 110, 113, 114. Such an order clearly invades the province of the jury, * * *." Also: Sigol v. Kaplan, 147 Wash. 269, 266 P. 154.

The proper remedy, then, as we stated, is to remand for new trial. Under the circumstances of each case (that remedy being available) the court may, as an alternative, consider the desirability of a consent modification by the party unfavorably affected. As stated in our opinion on the merits, however, the remedy of new trial is not available here.

Rehearing denied.

BADT, C. J., and EATHER, J., concur.