CHARLES AVERY and ARLETTE GIBSON, Appellants,
v. RALPH LEE GILLIAM, Jr., and MERCY AMBU-
LANCE, Respondents.

No. 11954

March 30, 1981                    625 P.2d 1166

*Ashleman, Sabbath & Rohay,* Las Vegas, *Sherman and Abrams,* Los Angeles, California, for Appellants.

*Reid & Alverson,* Las Vegas, for Respondents.

## OPINION

By the Court, Mowbray, J.:

The appellants, Charles Avery and Arlette Gibson, commenced this action to recover damages for injuries they received as passengers in a vehicle that was struck by a Mercy Ambulance driven by respondent Ralph Lee Gilliam, Jr.

A jury returned a verdict for respondents. Appellants' motion for a judgment notwithstanding the verdict or for a new trial was denied. This appeal followed.

## THE FACTS

In January, 1975, the appellants, on vacation from Los Angeles, were traveling as passengers in an automobile in Las Vegas. The driver of the passenger automobile stopped the vehicle for a red light at the intersection of Washington and D Streets. When the light turned green, the passenger car proceeded into the intersection. Meanwhile, respondent Gilliam was operating the ambulance of respondent Mercy Ambulance toward the same intersection, in response to an emergency call. Gilliam had placed the ambulance siren in manual position requiring him to push the horn whenever he wished the siren to sound. He saw appellants' vehicle in the intersection, but the record indicates that he did not activate his siren and that he entered the intersection on a red light. The ambulance struck the appellants' vehicle broadside, and the appellants suffered numerous injuries.

## THE INSTRUCTIONS

The jury was instructed that NRS 484.607 permits an emergency vehicle to be equipped with a siren, and also imposes a duty on the drivers of emergency vehicles: "the driver of the vehicle shall sound the siren when necessary to warn pedestrians and other drivers of the approach thereof." NRS 484.607(5). The jury was also instructed on the privilege afforded the drivers of authorized emergency vehicles to proceed against traffic signals only when "making use of audible and visual signals as required by law." NRS 484.261(3). The jurors were finally instructed that the violation of a state statute is presumed to be negligence as a matter of law, unless the presumption is overcome by evidence indicating reasonable behavior on the part of the infractor.

The uncontroverted testimony was that appellants entered the intersection on a green light. Police Officer Ladner, who happened to be standing at the intersection and observed the collision, testified unequivocally that while the red light of the ambulance was on, its siren was silent.[1] Driver Gilliam, the

[1]Officer Ladner testified as follows:
"Q: Did the ambulance have its red lights on?
"A: Yes, it did.
"Q: Did it have its siren on?
"A: No.
"Q: It did not have the siren on?
"A: No."

only defense witness called, testified that he could not remember whether the siren was on at the time of the impact.[2]

Respondents urge that since appellants failed to move for a directed verdict, NRCP 50(a), the question of the sufficiency of the evidence is not reviewable. However, as this court held in Price v. Sinnott, 85 Nev. 600, 607, 460 P.2d 837, 841 (1969): "an exception to this rule is found where there is plain error in the record or if there is a showing of manifest injustice. DeFonce Construction Company v. City of Miami, 256 F.2d 425 (5 Cir. 1958). This case comes within the exception to the rule. The obvious disregard, by the jury, of the court's instructions resulting in a verdict which is shocking to the conscience of reasonable men is nothing short of manifest injustice." The same reasoning is applicable in the instant case.

Although it has long been the rule that where there is a conflict in the evidence this court will not disturb the verdict or decision below, we have not hesitated to do so where there is no substantial conflict in the evidence on any material point and the verdict or decision is manifestly contrary to the evidence. Price v. Sinnott, *supra;* Kitselman v. Rautzahn, 68 Nev. 342, 232 P.2d 1008 (1951); Cram v. Wes Durston, Inc., 68 Nev. 503, 237 P.2d 209 (1951); Davidson v. Streeter, 68 Nev. 427, 234 P.2d 793 (1951); Stephens v. First Nat. Bank of Nevada, 65 Nev. 352, 196 P.2d 756 (1948); Valverde v. Valverde, 55 Nev. 82, 26 P.2d 233 (1933); Consolazio v. Summerfield, 54 Nev. 176, 10 P.2d 629 (1932); Walker Brothers Bankers v. Janney, 52 Nev. 440, 290 P. 413 (1930); Smith v. Goodin, 46 Nev. 229, 206 P. 1067 (1922); Watt v. Nevada Cen. R. Co., 23 Nev. 154, 44 P. 423, 46 P. 52, 726 (1896); Beck v. Thompson, 22 Nev. 109, 36 P. 562 (1894); Dalton v. Dalton, 14 Nev. 419 (1880).

Here the evidence established that the appellants had the right of way entering the intersection; that the ambulance, without sounding its siren, ran a red light and struck the appellants' vehicle, causing the collision. The verdict strikes us as manifestly and palpably contrary to the evidence. Therefore, we reverse and remand for a new trial.

GUNDERSON, C. J., MANOUKIAN, BATJER, and SPRINGER, JJ., concur.

---

[2]Mr. Gilliam testified as follows:

"Q: Can you tell me whether or not the siren was on it at the time of the impact? Yes or no?

"A: I can't remember."