AUTOMATIC MERCHANDISERS, INC., APPELLANT, *v.* LURA WARD, RESPONDENT.

No. 12736

June 15, 1982                                    646 P.2d 553

*Cromer, Barker, Michaelson, Gillock & Rawlings,* and *Victor Alan Perry, Kenneth Bick,* Reno, for Appellant.

*Echeverria and Osborne,* Reno, for Respondent.

[1]THE HONORABLE DAVID ZENOFF, Senior Justice, was assigned to participate in this case by the Chief Justice, pursuant to Nev. Const., art. 6, § 19.

## OPINION

*Per Curiam:*

Automatic Merchandisers appeals from a judgment awarding respondent $75,000 in personal injury damages. Appellant raises several assignments of error, two of which we address. Appellant contends that the trial court erred: (1) by refusing to instruct the jury on respondent's obligation to mitigate her damages, and (2) by denying a motion to alter or amend judgment because the verdict was excessive. Each of the issues being without merit, we affirm.

In July 1977, respondent, Lura Ward, was a passenger in a vehicle operated by Mrs. Gloria Correll. The Correll vehicle was struck with considerable force from behind by a van driven by Robin Graham and owned by appellant, Automatic.

Correll, and subsequently Ward, filed suit against Graham and Automatic. Motions to consolidate the Ward and Correll actions were denied. Correll received a verdict of $65,000 against Automatic, which was found 100 percent negligent. After the Correll judgment, Ward moved for and was granted partial summary judgment on the question of liability against appellant.

At the trial on damages, Ward's treating physician, Dr. Ernest Mack, testified that he believed she had suffered injury to the seventh cervical nerve or a protrusion or herniation of the cervical disc, resulting in headaches, and also considerable and recurrent pain in the neck, shoulder and arm. In his opinion, intermittent pain and consequent curtailment of daily activities will continue for the rest of Ward's life. Dr. Mack had recommended surgery (a foraminotomy) to Ward when her condition had not improved some months after the accident. At that time, Ward declined surgery, and when she became pregnant shortly thereafter, Dr. Mack advised against an operation. Sometime after May 1979, Ward indicated to Dr. Mack that she would undergo the surgery. By the time of the trial in January 1980, Ward had not undergone surgery, but her condition had improved to the point where both Dr. Mack and Dr. Robert Morelli, the appellant's expert witness, believed surgery was no longer indicated.

Appellant contends that the trial court erred in refusing to give two instructions. The first instruction advised the jury that any award for damages must contemplate the injured person's obligation to exercise ordinary care to obtain medical treatment. The second refused instruction would have required the jury to decide when the respondent could have undergone surgery and to award damages up to that date.

It is unquestioned that an injured person cannot recover for damages which could have been avoided by the exercise of reasonable care. *See* Southern Pacific Transportation Co. v. Fitzgerald, 94 Nev. 241, 577 P.2d 1234 (1978). The doctrine of mitigation of damages has been applied to preclude recovery for disability which could have been avoided if the plaintiff had exercised reasonable diligence in seeking medical care, including surgical treatment. *See e.g.,* Cline v. United States, 270 F.Supp. 247 (S.D.Fla. 1967); Jancura v. Szwed, 407 A.2d 961 (Conn. 1978); Couture v. Novotny, 211 N.W.2d 172 (Minn. 1973). When there is evidence that a plaintiff may have failed to exercise the reasonable care required to promote recovery, it also has been held that the defendant is entitled to an instruction to that effect, upon request. Jancura v. Szwed, *supra.*

In the instant case, however, appellant failed to present evidence that respondent's disinclination to undergo surgery was unreasonable. In the cases relied on by appellant and cited above, surgery was recommended at the time of trial. Here, surgery was not even consistently recommended prior to trial, and neither Ward's treating physician nor appellant's expert witness recommended surgical intervention by the time of trial, since respondent's condition had improved with conservative treatment. It is undisputed that Ward sought and received competent medical, albeit non-surgical, treatment. The evidence indicated that the surgery was recommended only as an elective procedure. No witness refuted Dr. Mack's conclusion that in light of Ward's improvement, her decision to decline surgery was appropriate. In the context of the facts and circumstances of this case, it was not error to refuse the instruction on mitigation of damages.

Appellant also contends that the trial court erred in refusing to grant a new trial because the jury's $75,000 award was excessive. We have repeatedly expressed our reluctance to substitute our judgment for that of the trier of fact on the issue of damages. *See e.g.,* Southern Pacific Co. v. Watkins, 83 Nev. 471,

435 P.2d 498 (1967); Brownfield v. Woolworth Co., 69 Nev. 294, 248 P.2d 1078 (1952). "[T]he court is not justified in reversing the case or granting a new trial on the ground that the verdict is excessive, unless it is so flagrantly improper as to indicate passion, prejudice or corruption in the jury." Watkins, *supra* at 495, 435 P.2d at 513-514 (quoting Forrester v. Southern Pacific, 36 Nev. 247, 134 P. 753 (1913)).

The award in this case may be unusually high; however, we do not find it so "flagrantly improper" as to suggest jury passion, prejudice or corruption.

Appellant's remaining assignments of error are without merit.

The district court judgment is affirmed.

GUNDERSON, C. J., MANOUKIAN, SPRINGER, and MOWBRAY, JJ., and ZENOFF, SR. J.,[1] concur.