RICHARD LEON HERNANDEZ, Appellant and Cross-Respondent, v. CITY OF SALT LAKE, Respondent and Cross-Appellant.

No. 14797

August 24, 1984                                    686 P.2d 251

[Rehearing denied June 20, 1985]

*Nada Novakovich,* Reno for Appellant and Cross-Respondent.

*Lionel, Sawyer & Collins,* and *Wayne A. Shaffer,* Reno, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

This is an appeal and cross-appeal from judgment in favor of Hernandez and against the City of Salt Lake upon a complaint for false arrest and false imprisonment.

This action arises out of a complaint filed January 28, 1977. Plaintiff Richard Leon Hernandez charged the City of Reno, City of Salt Lake, County of Washoe, and County of Salt Lake with false arrest and a subsequent false imprisonment of some forty-two days. The County of Salt Lake was removed from the suit when the district court granted its motion to quash service. Jury trial with the remaining defendants began on April 8, 1979. At the conclusion of plaintiff's case, the district court granted the motions of each of the defendants for involuntary dismissal of the action, pursuant to NRCP 41(b). Plaintiff appealed the judgment to this court, which upheld the dismissal of each of the defendants except the City of Salt Lake. Hernandez v. City of Reno, 97 Nev. 429, 634 P.2d 668 (1981). On remand, a new trial was held with the City of Salt

Lake the sole defendant. The jury returned a verdict in favor of plaintiff, awarding him general damages of $225,000.00. The defendant's motions for new trial, judgment notwithstanding the verdict, or remittitur were denied.

The defendant's motion to allow interest on the award from the date of judgment, rather from the date of service or process, was granted. Both parties appeal.

The City of Salt Lake contends that it was entitled to a new trial, or to a judgment notwithstanding the verdict because, as a matter of law, it had established probable cause or justification for Hernandez's incarceration. We cannot agree.

In summary, the evidence was that in the course of a burglary investigation, two officers of the City of Salt Lake spoke with an individual who identified himself by the name of Richard Hernandez. Later, two "roommates" of the suspect corroborated that such was indeed the suspect's name and implicated the suspect in the wrongdoing. They also suggested that he had a prior record in Los Angeles. When a photograph and fingerprints of the plaintiff arrived, the officers relied upon those same "roommates" to verify that the photograph was indeed that of the suspect whom the officers had previously met. On this basis the City of Salt Lake published a warrant for plaintiff's arrest. When plaintiff was arrested in Reno, he protested that he had been employed at a local casino for the entire period in question and had not been to Utah. City of Salt Lake officials, however, confirmed that plaintiff was the suspect they sought, despite specific inquiry from the district attorney's office in Reno relating to the matter of identity. After extradition, when plaintiff finally appeared in court in Salt Lake City for the first time, the investigating officer recognized that he was not the suspect with whom they had spoken. The "roommates" could not be located and Hernandez was released the following day.

We are not persuaded by Salt Lake City's argument that it is insulated from liability by the issuance of a warrant valid on its face. The rationale for the rule is to protect the police officer who arrests an individual on the reliance of a duly issued warrant. Broughton v. State, 373 N.Y.S.2d 87 (1975). In the case at hand, the arrest pursuant to the warrant was effected by the Reno Police Department and not Salt Lake City. Since Salt Lake City has not relied on a validly issued warrant in having the plaintiff arrested, the rationale behind the rule does not apply.

A judgment notwithstanding the verdict is "inappropriate when there is any substantial evidence to support the verdict," and plaintiff must be given the benefit of every reasonable inference in support of the verdict. Jacobson v. Manfredi, 100 Nev. 226, 679 P.2d 251 (1984); *see also* Stackiewicz v. Nissan Motor Corp, 100 Nev. 443, 686 P.2d 925. The jury proceeded under an unchallenged instruction that if they found from the evidence that the City of Salt Lake did not use prudence and diligence then they must find there was not probable cause for plaintiff's arrest and imprisonment. We are unable to say, as a matter of law, that the jury was required to find that appellant and its employees acted with prudence and diligence in this matter.

The City of Salt Lake also argues that it should be immune from suit by citizens of this state in our courts because its statutes would protect it from suit in Utah. We decline to grant the city such protection in our courts.

The United States Supreme Court had determined that the federal constitution does not require the recognition of one state's limitation of its own liability when it is sued in the courts of another state. Nevada v. Hall, 440 U.S. 410 (1978). Rather, recognition of such limitation is a matter of the law of the forum state. We have held that recognition of another state's limitation of its own liability will turn upon Nevada's policies and "whether this State would permit itself to be sued if it had engaged in the conduct assigned" the foreign state in a given action. Mianecki v. District Court, 99 Nev. 93, 658 P.2d 422 (1983). Since these issues were neither raised nor briefed in the court below, we will not consider them for the first time on appeal. Old Aztec Mine, Inc. v. Brown, 97 Nev. 49, 623 P.2d 981 (1981).

The City of Salt Lake contends that the damages were excessive. We have held, however, that in a suit for false imprisonment "[a] successful plaintiff is entitled to compensation for all the natural and probable consequences of the wrong, including injury to the feelings from humiliation, indignity and disgrace to the person, and physical suffering. The injury to health may be due to mental suffering." Lerner Shops v. Marin, 83 Nev. 75, 79, 423 P.2d 398 (1967). In discussing similar damages in an action for malicious prosecution, we recognized that "[t]hese

elements of damages are wholly subjective'' and that therefore ''[t]he extent of such damages, by its very nature, falls peculiarly within the province of the trier of fact.'' Miller v. Schnitzer, 78 Nev. 301, 308, 371 P.2d 824 (1962). In such cases, we are not justified in reversing, or granting a new trial conditioned upon acceptance of remittitur, unless the verdict is so flagrantly improper as to indicate passion, prejudice or corruption in the jury.'' Forrester v. Southern Pacific Co., 36 Nev. 247, 296, 134 P. 753 (1913). The fact that a verdict is large is not, in itself a sufficient basis for such a finding. *See* Automatic Merchandisers, Inc. v. Ward, 98 Nev. 282, 646 P.2d 553 (1982). The award, while substantial, does not shock our judicial conscience, and we decline to substitute our judgment for that of the jury.

Hernandez contends that he should have been awarded prejudgment interest from the date of service of summons, pursuant to NRS 17.130. This contention is without merit. At the time the legislature amended the statute in 1979 to allow prejudgment interest, it expressly provided that the provisions of the act would apply ''to all actions and proceedings filed on or after July 1, 1979.'' 1979 Nev. Stats. ch. 448 § 6, at 831. The complaint in this case was filed January 28, 1977. Accordingly, prejudgment interest was not authorized by the statute in this case. *See* Jacobson v. Manfredi, 100 Nev. 226, 679 P.2d 251 (1984).

The remaining contentions of counsel for appellant and cross-appellant are either disposed of by our analyses above or are without sufficient merit to warrant discussion. Accordingly, we affirm the judgment below.