MARSHALL R. MATLEY, Appellant and Cross-Respondent, v. DOROTHY MATLEY, Respondent and Cross-Appellant.

No. 15632

June 21, 1985

701 P.2d 749

*Sinai & Schroeder,* Reno, for Appellant and Cross-Respondent.

*Petersen & Petersen,* Reno, for Respondent and Cross-Appellant.

## OPINION

*Per Curiam:*

The lower court found one-half of a time certificate deposit (TCD), purchased with Marshall's separate property, to be a gift from Marshall to Dorothy. Marshall contends the evidence does not support such a finding and that the trial court therefore erred. We agree with Marshall's contention and accordingly, for the following reasons, reverse the lower court's decision as it pertains to the above described issue.

Shortly before the parties to this action married, Marshall completed a two-year divorce ordeal involving his prior wife. As

a result of that experience, Marshall insisted he would not marry again without an antenuptial agreement. Accordingly, prior to the marriage between the instant parties, the couple executed an antenuptial agreement. This agreement purported to identify the parties' separate property prior to their marriage and contained a provision specifying that if either party, during the marriage, used his or her separate property to acquire or improve property held by the parties jointly or in common, the contributing party would be entitled to a return of any such contribution in the event of a divorce. Additionally, it was to be conclusively presumed that the contributing party did not intend to make a gift thereof.[1]

The parties married on October 24, 1978. The schedule of Marshall's assets attached to the antenuptial agreement listed a note obligation in the amount of $100,000 from J. Ribiero. This obligation was paid during the marriage. Marshall took the principal thereof and purchased a time certificate of deposit naming himself and Dorothy as tenants in common and noting on the stub that it was "under the antenuptial agreement." Marshall testified it was his intention that half the interest would be Dorothy's so long as they were married. The certificate matured and was rolled over as to the principal, and the interest was divided equally with Dorothy on more than one occasion, even during the pendency of the divorce. When Marshall first purchased the TCD, he called Dorothy over while at the bank and told her he was going to give her "half of this" because she had worked so hard for him and had been good to Frances, his daughter. The trial court interpreted Marshall's comment as applying to the principal of the instrument and held that Dorothy was entitled to one-half of the principal and interest of the certificate. We are convinced this was error.

There is no contention that the antenuptial agreement was unconscionable, obtained through fraud, misrepresentation, material nondisclosure or duress. Indeed, the trial court found the agreement to be valid and binding upon the parties. In the absence of evidence of modification by the parties, the agreement must be enforced as written. *See* Buettner v. Buettner, 89 Nev. 39, 505 P.2d 600 (1973).

The circumstances surrounding the purchase of the time certificate of deposit are precisely of the type contemplated by the

---

[1]The relevant portion of the antenuptial agreement specifically provides as follows:

> If during the marriage, either party contributes his or her separate funds or property to the acquisition or improvement of property held by the parties jointly or in common, the party contributing such funds or property shall be entitled to a return of such contribution in the event of a divorce. In such event, it shall be conclusively presumed that the party making such a contribution did not intend to make a gift thereof to the other party or to the community.

antenuptial agreement. Dorothy interpreted "half of this" as pertaining to the principal of the certificate. There is, however, no evidence to support the finding that Marshall intended to make a gift of one-half of the principal of the certificate. The notation on the stub, made by Marshall contemporaneously with his statement to Dorothy clearly reflects an intent by Marshall to have the certificate covered by the antenuptial agreement. Marshall so testified at trial, indicating that he intended that Dorothy receive one-half of the interest. Dorothy's name was included on the certificate as a tenant in common since, according to Marshall's testimony, he desired Dorothy to have one-half of the principal in the event Marshall died while he and Dorothy were still married. The antenuptial agreement was valid and applicable and there is no evidence to show it was ever superseded in this instance. In sum, the facts of this case do not support Dorothy's contention or the trial court's finding.

This Court has held that the lower court's decision may be disturbed when there is no substantial conflict in the evidence on any material point and the decision is manifestly contrary to the evidence. Avery v. Gilliam, 97 Nev. 181, 625 P.2d 1166 (1981). Marshall is entitled to the entire principal of the time certificate and we therefore reverse the lower court's judgment on that issue.

We have additionally taken into account the parties' remaining contentions of error and consider them to be without merit. Accordingly, with the exception of the issue disposed of by this opinion, we affirm the remainder of the district court's judgment.