SETH LUBLIN, Appellant/Cross-Respondent, v. MICHAEL
WEBER, Respondent/Cross-Appellant.

No. 21906

July 10, 1992                                      833 P.2d 1139

*Peter L. Flangas,* Las Vegas, for Appellant/Cross-Respondent.

*Beckley, Singleton, DeLanoy, Jemison & List, Elizabeth Goff Gonzalez* and *Daniel F. Polsenberg,* Las Vegas, for Respondent/ Cross-Appellant.

# OPINION

*Per Curiam:*

### Facts

On March 18, 1986, Seth Lublin (Lublin) and Michael Weber (Weber) were involved in an automobile accident. Lublin brought suit against Weber alleging negligence. At trial, Lublin testified that he saw his physician, Dr. Rojas, three times in the first month after the accident and that his doctor recommended physical therapy. He went to therapy 170 times from April or May

1986 to September 1987. The jury returned a verdict in favor of Lublin for $8,000 which was reduced by ten percent—the percentage which Lublin was at fault in causing the accident. Judgment on the verdict was entered for $7,200. Lublin moved for additur or, in the alternative, a new trial on the issue of damages, arguing that the jury was instructed on the issue of mitigation of damages in error. The district court denied Lublin's motion. Weber moved for an award of attorney's fees and costs. The court awarded Weber costs, but denied him attorney's fees. Lublin appeals the denial of his motion for additur or a new trial on damages. Weber appeals the denial of attorney's fees.

## Mitigation of Damages

Dr. Rojas testified that in August 1986, he prescribed anti-inflammatory muscle relaxants for Lublin. Lublin tried the pills, but they made his heart "speed up" and aggravated his ulcer. Lublin informed Dr. Rojas that he did not want to take the pills and told him of the side effects he was experiencing. Several different types of medication were prescribed for Lublin, but none of them agreed with him.

Over Lublin's objection, the district court allowed a jury instruction on mitigation of damages. The district court accepted Weber's argument that there was an issue regarding whether Lublin failed to mitigate his pain and suffering damages by refusing to take the muscle relaxants.

This court has considered mitigation of damages in Automatic Merchandisers, Inc. v. Ward, 98 Nev. 282, 646 P.2d 553 (1982). There, we stated:

> It is unquestioned that an injured person cannot recover for damages which could have been avoided by the exercise of reasonable care. . . . *When there is evidence that a plaintiff may have failed to exercise the reasonable care required to promote recovery,* it also has been held that *the defendant is entitled to an instruction* to that effect, upon request.

*Id.* at 284, 646 P.2d at 554 (emphasis added). In *Automatic Merchandisers,* the respondent's physician recommended surgery, which she declined. *Id.* at 283, 646 P.2d at 554. By the time of trial, three years after she was injured, her condition improved to the point where surgery was no longer indicated. *Id.* We held that an instruction on mitigation of damages was not warranted because the appellant had failed to present evidence that the respondent's disinclination to undergo surgery was unreasonable. *Id.* at 284, 646 P.2d at 555.

In support of his argument that Lublin failed to mitigate his

pain and suffering damages, Weber argues that Dr. Rojas testified that Lublin would have had less pain if he took the medication. We disagree with Weber's characterization of the evidence. Dr. Rojas testified that muscle relaxants are prescribed to speed the process of healing and to help a patient feel better. However, Dr. Rojas stated that a patient would get better on his own if the medication was not taken. Further, Dr. Rojas testified that he did not insist that Lublin take the medication because of the irritation to Lublin's ulcer. Weber did not call his own witness to testify that Lublin's pain and suffering would have been less severe if he took the medication. Weber also did not elicit any such testimony from Dr. Rojas.

There was no evidence admitted at trial which supported submitting the issue of failure to mitigate damages to the jury. Weber did not present any evidence which called the reasonableness of Lublin's actions into question. Therefore, the district court erred in giving the instruction on mitigation of damages.

Even if evidence had been adduced at trial which would have supported giving the instruction, we conclude that the instruction did not accurately inform the jury of the law. The instruction did not allocate the burden of proof to the defendant.

The controlling case regarding an instruction on mitigation of damages is Silver State Disposal v. Shelley, 105 Nev. 309, 774 P.2d 1044 (1989). There, this court considered the following jury instruction:

> A person who has been damaged by the wrongful act of another is bound to exercise reasonable care and diligence to avoid loss and to minimize the damages, and he may not recover for losses which could have been prevented by reasonable efforts on his part or by expenditures that he might reasonably have made.

Id. at 310 n.1, 774 P.2d at 1045 n.1. This court held that the instruction was a misstatement of the law, because it did not allocate the burden of proof to the defendant and suggested that the plaintiff was duty bound to prove that she had mitigated her damages. Id. at 312, 774 P.2d at 1046.

In the case at hand, the following instruction on mitigation of damages was given:

> It is the duty of a person who has been injured to use reasonable diligence in caring for his injuries and reasonable means to prevent their aggravation to accomplish healing.
>
> When one does not use reasonable diligence to care for his injuries, and they are aggravated as a result of such failure,

the liability, if any, of another whose act or omission was a proximate cause of the original injury, must be limited to the amount of damage that would have been suffered if the injured person himself had exercised the diligence required of him.

According to the standard set in *Silver State Disposal,* the instruction was erroneous as a matter of law. The instruction did not clearly inform the jury that the defendant was required to prove that the plaintiff failed to use reasonable diligence in mitigating his damages.[1]

## Conclusion

The instruction was not supported by the evidence and misstated the law. Additur or, in the alternative, a new trial on the issue of damages is therefore warranted. Consequently, it is not necessary to reach the remaining issues on appeal nor the issue presented on cross-appeal.

We vacate the award of damages to Lublin, reverse the award of costs to Weber, and hereby remand this case for additur or, alternatively, a new trial on the issue of damages only.

SPRINGER, A. C. J., ROSE, STEFFEN and YOUNG, JJ., and SULLIVAN, D. J.,[2] concur.

---

[1]Weber argues that because Lublin did not proffer a more detailed instruction, he waived an objection to the content of the instruction. Weber cites to City of Reno v. Silver State Flying Service, Inc., 84 Nev. 170, 438 P.2d 257 (1968). The situation in *Silver State Flying Service, Inc.* is inapposite. There, this court stated that because the plaintiff had not requested an instruction on the question of present cash value, it could not complain on appeal that the district court failed to give the instruction. *Id.* at 180, 438 P.2d at 264. Whether Lublin did or did not waive his objection to the instruction is immaterial, as the instruction was erroneous as a matter of law and constitutes reversible error in this case.

[2]The Honorable Jerry V. Sullivan, Judge of the Sixth Judicial District Court, was designated by the Governor to sit in place of THE HONORABLE JOHN C. MOWBRAY, Chief Justice. Nev. Const., art. 6, § 4.