An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| HARRAH'S LAUGHLIN, INC., A FOREIGN CORPORATION, Appellant, vs. ALICE SWANSON, INDIVIDUALLY, Respondent. | No. 56912 |
| HARRAH'S LAUGHLIN, INC., A FOREIGN CORPORATION, Appellant, vs. ALICE SWANSON, INDIVIDUALLY, Respondent. | No. 57019 |

**FILED**

JUL 2 4 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

These are consolidated appeals from a district court judgment in a tort action, following a jury trial, and post-judgment orders denying a new trial and awarding attorney fees. Eighth Judicial District Court, Clark County; Douglas W. Herndon, Judge.

Respondent Alice Swanson was a guest at the hotel and casino property owned by appellant, known as Harrah's Laughlin. Swanson and her husband planned to leave the casino and agreed that Swanson would meet her husband in front of the hotel. While Swanson was searching for her husband, she tripped on a speed bump, which caused her to fall and injure her shoulder.

Swanson brought suit against Harrah's for negligence and negligence per se, arguing that the speed bump violated building codes, as well as Harrah's duty of reasonable care, because it was too high. Although the district court granted a directed verdict in Harrah's favor on

13-21726

the negligence per se claim, the jury returned a verdict in Swanson's favor on the general negligence claim.

Harrah's then moved for a judgment notwithstanding the verdict, or in the alternative, for a new trial, and the district court denied the motion. Following the denial of Harrah's motion, Swanson made a motion to recover her attorney fees and costs, which was granted. Harrah's now appeals the jury's verdict, the district court's denial of its motion, and the order granting Swanson's motion for attorney fees and costs. The issues on appeal are: (1) whether this court lacks jurisdiction to review Harrah's substantial evidence issues because they were not properly preserved, and (2) whether the jury's verdict was based on mistake, passion, or prejudice.[1]

*Preservation of issues under NRCP 50(a) and NRCP 50(b)*

Swanson contends that Harrah's substantial evidence arguments were not properly preserved for appeal. Specifically, Swanson argues that because Harrah's failed to raise the substantial evidence issues in its NRCP 50(a) motion for judgment as a matter of law, it cannot then raise them in its NRCP 50(b) motion for judgment notwithstanding the verdict or in an NRCP 59 motion for a new trial.

Harrah's responds that although it did not raise substantial evidence issues in its NRCP 50(a) motion, its arguments can still be

---

[1]Harrah's also asserts that the district court abused its discretion in instructing the jury regarding Harrah's standard of care and in allowing Swanson to argue that a violation of the International Building Code was evidence of negligence. We, however, determine that these arguments lack merit.

reviewed because plain error is evident from the record and there is a showing of manifest injustice.[2]

NRCP 50(a) permits a party to move for judgment as a matter of law after the nonmoving party has been heard on a dispositive issue. If a party's NRCP 50(a) motion is subsequently denied and the jury's verdict is not in the moving party's favor, the party may then renew its motion and request judgment as a matter of law. NRCP 50(b). The language of NRCP 50(b) clearly states that the motion for a judgment as a matter of law may only be "renewed" after the jury has returned a verdict. Therefore, "[a] party may not gamble on the jury's verdict and then later, when displeased with the verdict, challenge the sufficiency of the evidence to support it." *Price v. Sinnott*, 85 Nev. 600, 607, 460 P.2d 837, 841 (1969).

At issue in this case is whether we have jurisdiction to review Harrah's arguments regarding whether there was substantial evidence to support the jury's verdict, which found Harrah's negligent and liable for damages. Generally, this court does not have jurisdiction to review

---

[2]Harrah's notes that it also moved for a new trial pursuant to NRCP 59 and for relief from judgment pursuant to NRCP 60. Harrah's arguments in support of its NRCP 60(b) motion are not of the type contemplated in the drafting of NRCP 60. *See Nevada Indus. Dev., Inc. v. Benedetti*, 103 Nev. 360, 364, 741 P.2d 802, 805 (1987) ("The salutary purpose of Rule 60(b) is to redress any injustices that may have resulted because of excusable neglect or the wrongs of an opposing party."). Harrah's arguments focus on the legal elements of negligence and the evidence presented in support thereof. Relief pursuant to NRCP 60(b) is therefore inappropriate. Similarly, under NRCP 59(a), there is no provision for a new trial on the basis that the jury's verdict was not supported by substantial evidence. Therefore, we may only review the district court's denial of Harrah's motion for a new trial based on its assertion that the jury's verdict was based on passion or prejudice.

sufficiency-of-the-evidence arguments that were not properly raised in serial NRCP 50(a) and NRCP 50(b) motions. *Price*, 85 Nev. at 606-07, 460 P.2d at 841; *see also Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400-01 (2006). The only exception to this jurisdictional bar is if "there is plain error in the record or if there is a showing of manifest injustice." *Avery v. Gilliam*, 97 Nev. 181, 183, 625 P.2d 1166, 1168 (1981) (internal quotations omitted).

Harrah's moved for judgment as a matter of law, pursuant to NRCP 50(a). The subject of the motion, however, focused solely on its argument that Harrah's could not be found liable under negligence per se for violating any portion of the Henderson Municipal Code because Swanson was not handicapped. The NRCP 50(a) motion made no mention of the insufficiency of the evidence presented as to Harrah's breach of its duty as a landowner, breach of its duty to warn, the proximate cause of Swanson's injuries, the foreseeability that someone could be injured by the speed bump, or any of the evidence presented to support Swanson's request for damages. Even when Harrah's brought its NRCP 50(b) motion, it failed to make clear arguments regarding the insufficiency of the evidence.

Swanson presented evidence to the jury that Harrah's installed a speed bump which created a trip hazard because of its raised sides and lack of ramping. Harrah's also offered evidence that there were other means of ingress and egress that did not require Swanson to walk in the driveway. Both parties presented evidence that the speed bump was in the darkened area of the porte cochère and that it may have taken Swanson some time to accustom her eyes to the darker area. Finally, Swanson presented evidence of her work history and medical testimony to

support her damages request. The facts presented do not clearly show error or manifest injustice, which would require reversal of the verdict. *Avery*, 97 Nev. at 183, 625 P.2d at 1168. Consequently, because Harrah's failed to raise the substantial evidence issues in its NRCP 50(a) and NRCP 50(b) motions, and because it has not shown that there is plain error or manifest injustice, we do not have jurisdiction to review the substantial evidence issues raised in this appeal.

*Jury's award of damages for pain and suffering*

Harrah's also contends that the jury acted improperly and that the verdict was the result of mistake, passion, or prejudice because it shocks the conscience. As a result, Harrah's contends that the district court should have overturned the jury's verdict and granted a new trial.

We review a district court's denial of a motion for a new trial for an abuse of discretion. *Wyeth v. Rowatt*, 126 Nev. ___, ___, 244 P.3d 765, 775 (2010). Additionally, we will affirm a damages award that is supported by substantial evidence. *Foster v. Dingwall*, 126 Nev. ___, ___, 227 P.3d 1042, 1050-51 (2010). But we will reverse or reduce an excessive compensatory damages award that was given under the influence of passion or prejudice and when it shocks the conscience. *Hernandez v. City of Salt Lake*, 100 Nev. 504, 508, 686 P.2d 251, 253 (1984). A jury is given wide latitude in awarding special damages. *Countrywide Home Loans, Inc. v. Thitchener*, 124 Nev. 725, 737, 192 P.3d 243, 251 (2008). And damages for pain and suffering are peculiarly within the jury's province. *Stackiewicz v. Nissan Motor Corp. in U.S.A.*, 100 Nev. 443, 454–55, 686 P.2d 925, 932 (1984). "[T]he mere fact that the verdict is a large one is not conclusive that it is the result of caprice, passion, prejudice, sympathy or

other consideration . . . ." *Wells, Inc. v. Shoemake*, 64 Nev. 57, 74, 177 P.2d 451, 460 (1947).

On appeal, Harrah's seeks to have this court adopt a new test for reviewing a jury's award of damages for pain and suffering. Harrah's submits three possible tests: the first blush test, the analogous award test, and the multiples test. In advocating for the first blush test, Harrah's relies on a California Supreme Court case for the proposition that an appellate court should reverse a jury's award of damages only if at first blush it believes that the award is shocking and "suggests passion, prejudice or corruption on the part of the jury." *Seffert v. Los Angeles Transit Lines*, 364 P.2d 337, 342 (Cal. 1961). Harrah's reliance on California authority, however, is unnecessary. This court has long used this language when discussing whether an award shocks the conscience. *See, e.g., Ace Truck & Equip. Rentals, Inc. v. Kahn*, 103 Nev. 503, 509, 746 P.2d 132, 136 (1987), *abrogated on other grounds by Bongiovi v. Sullivan*, 122 Nev. 556, 583, 138 P.3d 433, 452 (2006); *Forrester v. S. Pac. Co.*, 36 Nev. 247, 296, 134 P. 753, 769 (1913). Therefore, this standard is no different than the current standard and we will continue to review the jury's award to determine if it appears to be the product of passion or prejudice.[3] *Hernandez*, 100 Nev. at 508, 686 P.2d at 253.

---

[3]We have already specifically denied the application of the analogous award test in *Wyeth*. 126 Nev. at ___ n.10, 244 P.3d at 783 n.10; *see also Wells, Inc.*, 64 Nev. at 74, 177 P.2d at 460. As to the multiples test, Harrah's has not provided sufficient authority to allow this court to meaningfully review the adoption of the test. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006) (refusing to consider claims when a party failed to "cogently argue, and present relevant authority" in support of those claims).

Here, the jury awarded Swanson $375,000 in past pain and suffering, and $400,000 in future pain and suffering. This court has stated many times that the jury has wide discretion in awarding pain and suffering damages, and that big awards will not be overturned simply because of their size. *See Countrywide Home Loans, Inc.*, 124 Nev. at 739, 192 P.3d at 252; *Stackiewicz*, 100 Nev. at 454–55, 686 P.2d at 932; *Wells, Inc.*, 64 Nev. at 74, 177 P.2d at 460. Swanson also points out that had the jury been acting as a result of passion or prejudice, it would not have found her 20 percent at fault. We agree. Had the jurors been influenced by passion or prejudice, they would not have adjudged any fault to her. *See Guar. Nat'l Ins. Co. v. Potter*, 112 Nev. 199, 207, 912 P.2d 267, 273 (1996) (explaining that if the trial court judge had been influenced by passion or prejudice he would have awarded damages in all possible categories). Although the award is high, the ultimate determination of damages is within the province of the fact finder, and its decision to reduce Swanson's award by 20 percent supports our conclusion that the award was not reached as a result of passion or prejudice. Because Harrah's has failed to show that the district court abused its discretion in denying its motion for a new trial, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Gibbons

_____, J.
Douglas

_____, J.
Saitta

 

cc: Hon. Douglas W. Herndon, District Judge
Craig A. Hoppe, Settlement Judge
Rands, South & Gardner/Henderson
Mario D. Valencia
Hammond & Hammond, LLP
Eighth District Court Clerk