**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TIFFANY MURRAY,<br><br>    Plaintiff - Appellant,<br><br>v.<br><br>STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>    Defendant - Appellee. | No. 14-15635<br><br>D.C. No. 2:12-cv-00936-APG-NJK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted May 12, 2016
San Francisco, California

Before: FARRIS, O'SCANNLAIN, and CHRISTEN, Circuit Judges.

Tiffany Murray appeals the district court's order granting summary

judgment for her insurer, State Farm. Murray was injured in a car accident and

collected $210,000 from various insurers in relation to injuries sustained in the

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

accident. She contends she is also entitled to underinsured motorist (UIM) benefits from State Farm because her damages from the accident exceeded $210,000. The district court determined that no reasonable jury could find that Murray's damages exceeded $210,000. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Murray did not provide sufficient evidence from which a reasonable jury could conclude that she is entitled to more than $210,000. In her opposition to summary judgment, Murray provided medical bills and reports, deposition testimony, and interrogatory responses that indicated she underwent medical treatment after the accident. But read in the light most favorable to Murray, this evidence substantiated only $23,072 in past and future medical expenses and $22,464 in lost wages. After responding to State Farm's summary judgment motion, Murray attempted to "present additional medical billing" evidence by filing an application for oral argument, which the district court denied. A district court "has the discretion, when considering a motion for summary judgment, to determine whether or not to hold an oral hearing." *Willis v. Pac. Mar. Ass'n*, 244 F.3d 675, 684 n.2 (9th Cir. 2001). Holding a hearing to ensure all of Murray's medical evidence was before the court at summary judgment may have been advisable, but we cannot say that the district court abused its discretion by denying Murray's request for a hearing.

No reasonable jury could find that Murray is entitled to more than $210,000 in damages based on the evidence she provided in opposition to summary judgment. Once State Farm demonstrated the absence of a genuine issue of material fact, Murray had the burden of "produc[ing] specific evidence, through affidavits or admissible discovery material, to show that the dispute exists." *Kennedy v. Allied Mut. Ins. Co.*, 952 F.2d 262, 265 (9th Cir. 1991) (citing Fed. R. Civ. P. 56(e)). She failed to meet that burden. The evidence of past medical care, future medical care, and lost wages did not come close to meeting the $210,000 threshold. And though determining the amount of pain and suffering generally "falls peculiarly within the province of the jury," *Stackiewicz v. Nissan Motor Corp.*, 686 P.2d 925, 932 (Nev. 1984) (quoting *Brownfield v. F.W. Woolworth Co.*, 248 P.2d 1078, 1079–81 (Nev. 1952)), here Murray did not provide sufficient evidence from which a reasonable jury could award pain and suffering damages sufficient to bridge that gap, *see Fuller v. Frank*, 916 F.2d 558, 562 n.6 (9th Cir. 1990) (observing that even where an issue is "ordinarily a question of fact" for the jury, if "no 'reasonable jury could return a verdict for [plaintiff],' . . . summary judgment [is] appropriate" (first alteration in original) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986))).

AFFIRMED.