ALBERT BARRETH AND EVERETT V. BURGESS, APPELLANTS, v. RENO BUS LINES, INC., A NEVADA CORPORATION, AND WILLIAM BRAZ, RESPONDENTS.

No. 4377

April 12, 1961                                    360 P.2d 1037

*Nada Novakovich,* of Reno, for Appellants.

*Vargas, Dillon and Bartlett*, of Reno, for Respondents.

## OPINION

By the Court, PIKE, J.:

At about 5:30 p. m. November 9, 1959 a southbound car owned and driven by appellant Burgess, with appellant Barreth as a passenger, collided with the left rear side of the passenger bus owned by respondent bus lines corporation and driven by respondent Braz, as said bus made an easterly turn across the highway.

Appellants brought suit against respondent bus lines and Braz, alleging that said bus had been driven in front of the automobile occupied by appellants and had made a sudden turn without giving any signal whatsoever, striking the car then driven by appellant Burgess. Appellants sought damages for personal injuries incurred by each of them, and Burgess also sought to recover for damage to his automobile.

The answer of respondents Reno Bus Lines, Inc. and Braz, besides denying negligence on the part of either, alleged as affirmative defenses (1) that the collision was caused solely and proximately by the negligence of Burgess; and (2) that Barreth and Burgess were guilty of contributory negligence.

By counterclaim respondent bus lines sought to recover from appellant Burgess for damage allegedly caused to respondent's bus by Burgess negligently running his automobile into said bus.

The jury rendered a verdict in favor of respondent bus lines and Braz and against appellants herein. It also rendered a further verdict on the counterclaim of respondent bus lines in favor of said bus lines and

against appellant Burgess in the sum of $1,288.19. Judgment was entered on said verdicts, and this appeal is from that judgment.

The accident occurred on U. S. Highway 395 at a point several miles south of Reno, Nevada. The testimony shows this portion of the paved highway to have been four lanes in width, with each lane separately marked by white lines for vehicular traffic, and with concrete islands in the center of the highway separating the north and southbound lanes. There was also a paved shoulder on each side of the highway. Respondent's bus with its lights on traveled south to its customary turning point and made a brief stop on its righthand or westerly shoulder, before making a lefthand turn. While making such lefthand turn, and before the rear of the bus had cleared the center line of the highway, there was an impact between the left rear portion of the bus and the front end of the southbound car driven by appellant Burgess. Physical injuries were sustained by both appellants, and both vehicles were damaged.

Appellants contend that respondents' negligence was the sole proximate cause of the collision and that the "verdict of the jury and judgment are against the manifest weight of the evidence and are plainly wrong and should be reversed."

Generally the issue of proximate cause is one of fact and not one of law, and this case presents no exception to such general rule. Novack v. Hoppin, 77 Nev. 33, 359 P.2d 390. Accordingly, it was within the province of the jury, in reaching its verdict, to consider and pass upon the issues presented by the pleadings, including any negligence on the part of respondents as alleged in appellants' complaint, as well as any negligence on the part of appellants as alleged in respondents' answer as an affirmative defense, and any negligence on the part of appellants as alleged in respondent bus line's counterclaim. Likewise, the jury in so determining the issue of negligence was required to decide the issue of proximate cause of the collision, and must be viewed as having done so under instructions from the court.

Appellants on appeal do not contend that there was

any error on the part of the court either in the matter of instructions given or refused. As the verdict was in favor of respondents and against appellants, and the further verdict of the jury was that the respondent bus lines recover judgment in the specified sum referred to against appellants for damages to respondent's bus, the same must necessarily be considered as having determined issues of negligence and proximate cause in a manner contrary to appellants' contentions. The jury verdict in favor of respondents and against appellants was, of course, a finding of fact against appellants' contentions that respondents' negligence was the sole proximate cause of the collision.

The further verdict in favor of respondent bus lines and against appellants for damages to respondent's bus was a finding that negligence on the part of appellants was the proximate cause of the accident while, at the same time, such verdict was entitled to recognition as a finding negativing any negligence on the part of respondents as having contributed to the collision, for the reason that, had respondents' negligence so contributed to the collision, respondent bus lines could not have recovered on its counterclaim. As it was within the province of the jury to determine the weight to be accorded the evidence and the issue of proximate cause as a question of fact, it cannot be said as a matter of law that the jury verdict was against the "manifest weight" of the evidence, if there was substantial evidence in support of such verdict.

While appellant Burgess testified that he was driving south at a speed of about 40 miles per hour; that he saw the bus when about 300 feet distant from it when the bus was in the outside westerly lane of the highway; that he saw no signal given for a turn; and that the bus turned in front of him when he was less than 100 feet distant from it, the jury was not required to accept this testimony.

The bus driver testified in substance that he looked back before starting his turn and saw appellants' car about 1,000 feet distant traveling south; that he then gave a hand signal and, while turning, noted that appellants' car was approaching at a high rate of speed. There

was evidence that one headlight of appellants' car was not on just prior to the accident. Appellant Burgess testified that his car skidded only some 38 feet before the impact, but there was other evidence given by one of the police officers who investigated the accident that the skidmarks made by each of the four wheels of appellants' car were more than 110 feet in length and averaged 117 feet. The same witness estimated from the skidmarks that appellants' car was traveling at a minimum speed of 48 miles an hour to the point of impact, and testified that the collision occurred in the southbound passing lane in a zone where the speed limit was 45 miles per hour. A passenger on the bus testified that appellants' car was coming very fast and that she saw no lights on it as it approached the bus.

The jury, upon conflicting evidence, found for respondents. As there is substantial evidence in support of the verdict, neither it nor the judgment based thereon will be disturbed on appeal.

Affirmed, with costs to respondents.

BADT, C. J., and McNAMEE, J., concur.