BLAINE FASHIONS, INC., Appellant, *v.* SCHERI
SHOP and GEORGE THOESEN, Respondents.

No. 5456

May 13, 1968 440 P.2d 904

*Stewart & Horton* and *Richard A. Sheffield,* of Reno, for
Appellant.

*Springer & Newton,* of Reno, for Respondents.

## OPINION

By the Court, THOMPSON, C. J.:

Blaine Fashions commenced suit against Thoesen to collect an alleged indebtedness for merchandise sold in July and August of 1965 to a business named Scheri Shop in Carson City. The district court found for the defendant Thoesen since, in its opinion, the plaintiff failed to prove that Thoesen conducted business under the name of Scheri Shop when the debt was incurred. We affirm that determination.

1. The appellate complaint is that documentary evidence offered by the plaintiff at trial and rejected by the court, should have been received since it tended to establish Thoesen's ownership of the business at the critical time. That evidence was an undated application by Thoesen for a business license to operate Scheri Shop, and a copy of a business license, unsigned and undated, purportedly issued by the City Clerk to Scheri Shop for the period October through December 1965, which quarterly period is subsequent in point of time to the sale and delivery of the merchandise to Scheri Shop. Thoesen's name does not appear on the latter document.[1] Neither document would establish Thoesen's ownership of Scheri Shop during July and August of 1965.

Notwithstanding this fact it is the appellant's contention that the void in proof is filled by the rebuttable presumption

---

[1] We do not decide whether the documents met foundation requirements of admissibility.

"that a thing once proved to exist continues as long as usual with things of that nature." NRS 52.070(32), now NRS 52.070(26).[2] It argues that the rebuttable presumption of continuity applies retroactively, thereby allowing the court to conclude that Thoesen owned Scheri Shop in July and August of 1965 since Scheri Shop possessed a business license for the subsequent quarter of that year. Even had the business license been issued to Thoesen, doing business as Scheri Shop (it was not—Thoesen's name does not appear on the license), the statutory presumption would not benefit the appellant since it does not apply retroactively. In Tonopah & Goldfield Ry. v. Fellanbaum, 32 Nev. 278, 107 P. 882 (1910), the court wrote: "A condition shown to exist at a particular time is presumed to continue thereafter, but there is no presumption that it had continued for any length of time previously." Id. at 298.

The cases relied upon by appellant [Watt v. Nevada Cent. Ry., 23 Nev. 154, 44 P. 423 (1896); State v. Enkhouse, 40 Nev. 1, 160 P. 23 (1916); and Studebaker Co. v. Witcher, 44 Nev. 442, 195 P. 334 (1921)] do not suggest otherwise. The Watt case does not discuss the presumption of continuity, but simply admitted evidence of how a train engine was run to indicate past habit. In Enkhouse, the presumption was applied prospectively. In Studebaker the following observation was made: " 'Proof of the existence at a particular time of a fact of a continuous nature gives rise to the inference, within logical limits, that it exists at a *subsequent* time.' " (Emphasis added.) Id. at 463.

Neither may the presumption of continuity apply to the other proffered item of documentary evidence—Thoesen's application for a business license—since it is undated and does not indicate that it was ever granted. The lower court did not err in rejecting the documents.

2. The judgment awarded a $350 attorney's fee to the defendant, and the appellant contends that the award is excessive in view of the recovery sought by the complaint, i.e., $474.38. Of course, the court may allow fees to the defendant as prevailing party when the plaintiff has not sought recovery in excess of $10,000. NRS 18.010(2)(c). The notion that the amount involved in the litigation has some bearing on the fixing of the fee has received recognition in Nevada [Milner v. Shuey,

---

[2]Neither do we decide whether ownership of a business is one of the "things" to which the presumption of continuity may properly attach.

57 Nev. 159, 60 P.2d 604 (1936); Peccole v. Luce & Goodfellow, 66 Nev. 360, 212 P.2d 718 (1949)] and is, perhaps, of greater significance when the prevailing litigant is the plaintiff. However, when one is forced to engage professional services to defend an action that is finally resolved in his favor, the amount in controversy probably diminishes in significance as one of the factors to be considered. The award of $350, in this case, is within permissible limits of the trial court's discretion.

Affirmed.

COLLINS, ZENOFF, BATJER, and MOWBRAY, JJ., concur.