TONI ARMSTRONG AND HAROLD B. ARMSTRONG, DBA POODLE PARLOR, APPELLANTS, v. JOE RIGGI, RESPONDENT.

No. 8114

May 13, 1976                         549 P.2d 753

---

*Cromer, Barker & Michaelson,* and *Gerald I. Gillock,* of Las Vegas, for Appellants.

*Martin R. Boyers,* of Las Vegas, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

Joe Riggi delivered his two unregistered Pomeranian dogs to the Armstrongs' Poodle Parlor to be bathed and groomed. The dogs died while in the care of the bailee. Riggi commenced this action to recover damages alleging that the dogs were worth more than $10,000.

Before trial the Armstrongs offered to allow judgment to be taken against them for $600 together with costs then accrued. Their offer was not accepted. The cause proceeded to trial. The court found the value of the dogs to be $100 and entered judgment in Riggi's favor for that amount. The Armstrongs then moved for costs and attorneys fees. The court allowed costs but denied fees. It is from the final order denying fees that this appeal is taken.

The offer of judgment rule, NRCP 68, invests the court with discretion to allow such fees when the judgment obtained by the offeree is not more favorable than the offer.[1]

For some reason not articulated, the district court believed

---

[1]Rule 68 in part: "If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree shall not recover costs, nor attorneys' fees, but shall pay the costs and attorneys' fees, if any be allowed, of the party making the offer from the time of the offer."

that NRS 18.010(3) precluded an award of attorneys fees to counsel for the defendants. That statute allows the court to award an attorneys fee to the prevailing party in the circumstances therein mentioned.[2] Insofar as counsel fees for the defendants who lost the case are concerned, the statute obviously has no application since they did not prevail. The court need only have concerned itself with Rule 68 in deciding whether to exercise its discretion in favor of the motion for fees.

Since it is clear that the court did not consider the motion for fees because of its erroneous view of the scope of NRS 18.010(3), we remand with direction to consider the motion in the light of relevant circumstances disclosed by the record. Cf. Blaine Fashions, Inc. v. Scheri Shop, 84 Nev. 339, 342, 440 P.2d 904 (1968).

Reversed and remanded.

GUNDERSON, C. J., and BATJER, ZENOFF, and MOWBRAY, JJ., concur.

---

[2] NRS 18.010(3): "The court may make an allowance of attorney's fees to:

(a) The plaintiff as prevailing party when the plaintiff has not recovered more than $10,000; or

(b) The counterclaimant as prevailing party when he has not recovered more than $10,000; or

(c) The defendant as prevailing party when the plaintiff has not sought recovery in excess of $10,000."