UDEVCO, INC., A CALIFORNIA CORPORATION; JOHN LONG; LONG CONSTRUCTION COMPANY; DALE POE DEVELOPMENT CORPORATION, A NEVADA CORPORATION, APPELLANTS AND CROSS-RESPONDENTS, v. ROCKY WAGNER, DBA ROCKY WAGNER EXCAVATING, RESPONDENT, AND JOE WOSSER, DBA WOSSER-LASTER ENTERPRISES, RESPONDENT AND CROSS-APPELLANT.

No. 14495

March 29, 1984 678 P.2d 679

---

[3]The Governor designated the Honorable Michael E. Fondi, Judge of the First Judicial District Court, to sit in the place of THE HONORABLE JOHN MOWBRAY. Nev. Const., art. 6 § 4.

*Hoy and Miller, McDonald & Kafchinski,* Reno; *Stephen L. Rishoff,* 23123 Ventura Boulevard, Woodland Hills, California 91364, for Appellants and Cross-Respondents.

*Robison, Lyle, Belaustegui & Robb,* and *Bruce T. Beesley, Hale, Lane, Peek, Dennison and Howard,* and *Richard L. Elmore,* Reno, for Respondents and Cross-Appellant.

## OPINION

*Per Curiam:*

Two subcontractors, who brought actions under contract and equitable theories against a developer and others to recover on their perfected liens, received favorable judgments in district court. The developer and the others against whom judgments were entered, now appeal. One subcontractor also

cross-appeals from the district court's denial of his asserted right to recover for extra-contractual work performed. For the reasons set forth hereinafter, we affirm the judgments in favor of the subcontractors and reverse the order denying relief to cross-appellant for the performance of work unspecified in the subcontractor's contract.

The facts as they pertain to each subcontractor are as follows:

*Wagner:* Rocky Wagner Excavating (Wagner) entered into a written agreement with Udevco and John Long to perform specific rough grading work on the appellants' condominium project. Common area grading, drainage swale construction and finish grading were not a part of the parties' agreement, according to the contract, testimony and the district court's findings of fact. The agreement provided that extra-contractual work would require a written change order. While performing his contract work, Wagner also performed "extra work" without obtaining a written change order, for which he was paid by Udevco. Wagner's last invoice, totalling $6,777.33 for contract and "extra work," was not paid by Udevco. Wagner recorded and perfected a lien. The district court found that the parties, by their past practices, had waived the written change order provision and that $6,777.33 was the reasonable value of the work performed. As a result, the district court entered judgment for Wagner and awarded him $6,777.33 plus interest at 12 percent from the date the invoice was due, costs and attorney's fees, according to NRS 108.237. Appellants appeal from that judgment.

*Wosser:* Wosser-Laster Enterprises (Wosser) entered into a second written agreement with Udevco and John Long to perform framing work, as well as future siding and trim work, if required, on a cost basis. The agreement, which settled differences relating to a prior contract, provided that extra-contractual work would require a written change order. Wosser did perform and bill Udevco for siding and trim work which was completed after the date of the second agreement. After it was discovered that Wosser also had billed for some siding and trim work completed before the second contract date, Wosser's next invoice contained a credit for the inadvertent billing.

Wosser also performed "extra work" related to the framing duties. Due to an error in the appellants' plans and specifications, the prefabricated roof trusses did not fit. Wosser, as a result, had to cut and stack the roofs to complete the framing. Wosser additionally was told to perform "extra work," such as dropping ceilings to meet cabinet tops and "furring down" (framing in gaps above) door openings, because materials received such as cabinets and doors did not match the plans

and specifications. Wosser also altered completed framing because appellants requested subsequent design changes. Wosser did not obtain written change orders for this "extra work," although Joe Wosser was told by Udevco's superintendent to go ahead with the work and was assured he would be paid for it. Wosser sent Udevco invoices totalling $13,195.00 for "extra work" on three occasions. Udevco never made any payments for the extra work performed by Wosser after the date of the second agreement. Udevco also refused to pay for certain framing, siding and trim work valued at $11,976.75.

Wosser recorded and perfected a lien and brought an action against appellants as an intervenor in Wager's case. The district court found that, because Udevco had never paid Wosser for extra work performed without a written change order, appellants had not waived that contract requirement. As a result, the district court entered judgment compensating Wosser only for the framing, siding and trim work, and awarded him $11,976.75 plus interest at 12 percent from the date the invoices were due, costs and attorney's fees. Appellants appeal from that judgment. Wosser cross-appeals the district court's denial of any recovery for the extra work performed.

 ■

Appellants contend that the facts do not support the trial court's awards in favor of respondents. As concerning Wagner, appellants primarily contend that industry standards define rough grading to include construction of drainage swales. Because Wagner did not perform such construction, appellants argue that they are entitled to offset against the award the amount spent to have other subcontractors do the work. As concerning Wosser, appellants contend that they are entitled to offset against the award the amount they were over-billed for siding and trim work completed before the parties' second agreement was signed. The district court heard these same arguments below and made findings of fact that: Wager's duties did not include drainage swale construction; and, Wosser's billings for siding and trim work were correct. This Court's standard for review is set forth in Pace v. Linton, 97 Nev. 103, 625 P.2d 84 (1981).

> Findings of fact shall not be set aside unless *clearly erroneous,* and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses. NRCP 52. Our task when reviewing the appropriateness of findings and judgments rendered by district courts is to ". . . determine whether there is substantial evidence in the record to support the findings and judgment of the district court."

*Id.* at 103-04, 625 P.2d at 85 (emphasis added and citations omitted). We conclude that the record reflects substantial evidence supporting the district court's findings of fact and judgments. We have considered appellants' other contentions and determined that they are without merit. In this regard we affirm the judgments of the district court.

As cross-appellant, Wosser's sole contention is that the district court improperly denied any recovery from cross-respondents for extra work performed. It is undisputed that Wosser was required to cut and stack roofs because the prefabricated roof trusses would not fit the framing due to incorrect plans and specifications. Our review of the record also reveals that after framing was completed according to original plans and specifications, cross-respondents orally requested that Wosser make further alterations to accommodate subsequent design changes and incorrectly sized cabinets and doors. The extra work was necessary, properly performed, and accepted. The district court concluded as a matter of law that Wosser was not entitled to judgment for extra work, reasoning the Udevco did not waive its right to require written change orders because it did not pay for any such extra work after it had been performed without written authorization. We disagree.

Waiver is usually defined as "the voluntary and intentional relinquishment of a known right" and may be either express or implied. 5 *Williston On Contracts* § 678 (3d ed. 1961). Waiver can be implied from conduct such as making payments for or accepting performance which does not meet contract requirements; waiver can also be expressed verbally or in writing. 17 Am.Jur.2d *Contracts* §§ 393, 396 (1964). Express waiver, when supported by reliance thereon, excuses nonperformance of the waived condition. 5 *Williston On Contracts* § 679 (3d ed. 1961); 17 Am.Jur.2d *Contracts* § 392 (1964); *Restatement (Second) of Contracts* § 84(1) (1981). Whether Udevco made payments or not for extra work, therefore, is not solely controlling of whether it waived the written change order requirement. Presenting evidence of such payments would have been merely one alternative for proving waiver, had those facts occurred. Wosser, instead, chose to employ the instant facts to prove that express waiver and reliance occurred. After Udevco's express oral waiver and Wosser's reliance thereon, Udevco *at that time* was bound to pay for the extra work, regardless of whether it later failed to pay. Udevco apparently has not controverted the facts that express oral waiver was pronounced and extra work performed in reliance thereon.[1] We conclude, under these

---

[1] Udevco's superintendent, Dick Claus, testified that "I don't recall

facts, as a matter of law, that the parties mutually intended to waive the written change order condition. Here, Wosser performed—*after* completing framing according to plans and specifications—extra work of such character and magnitude that the idea that the parties intended him to do so without additional compensation would be highly unreasonable. No witnesses testified for Udevco to controvert Wosser's testimony that $13,195.00 represented the reasonable value of the extra work performed. The district court made no finding regarding such value. We therefore remand this case for a determination and judgment that $13,195.00 represents the reasonable value of the extra work performed by Wosser, unless the district court finds that the evidence justifies a lower sum:

The district court judgments awarding respondents recovery for contractual work is hereby affirmed. The district court's judgment denying cross-appellant recovery for extra work is hereby reversed. This case is remanded for determination of the value of extra work performed by Wosser and judgment thereon consistent with this opinion.

---

[telling Wosser personnel to perform extra work], but that doesn't necessarily mean I didn't say it. I mean, I don't recall."