THE TRUSTEES OF THE CARPENTERS FOR SOUTHERN NEVADA HEALTH AND WELFARE TRUST; THE TRUSTEES OF THE CONSTRUCTION INDUSTRY AND CARPENTERS JOINT PENSION TRUST FOR SOUTHERN NEVADA; THE TRUSTEES OF THE VACATION TRUST CARPENTERS LOCAL NO. 1780 AND THE TRUSTEES OF THE SOUTHERN NEVADA CARPENTERS AND MILLWRIGHTS APPRENTICE TRAINING TRUST, APPELLANTS AND CROSS-RESPONDENTS, v. BETTER BUILDING COMPANY, RESPONDENT AND CROSS-APPELLANT.

No. 15830

December 12, 1985            710 P.2d 1379

*Lionel Sawyer & Collins* and *Evan J. Wallach*, Las Vegas, for Appellants and Cross-Respondents.

*Robert K. Dorsey,* Las Vegas, for Respondent and Cross-Appellant.

# OPINION

By the Court, STEFFEN, J.:

Appellants contend the lower court committed reversible error in refusing to grant their motions for a new trial and judgment notwithstanding the verdict.

At trial, the proponent of a proposition essentially has two burdens relative to his proof. The first being to produce evidence which proves or tends to prove his position. The second burden is to persuade the trier of fact that his evidence is more credible or entitled to the greater weight. *See* Koesling v. Basamakis, 539 P.2d 1043 (Utah 1975).

Appellants' proposition at trial was that they were entitled to unpaid contributions to the Employee Benefit Trust Fund for thirteen carpenters employed by Better Building Company (Better Building) during the audit period. Appellants also asserted that contributions were owed for "tool rental" payments to Better Building's employees because allegedly such payments were actually compensation payable by reason of the employees' work. The jury, however, was not swayed by appellants' arguments.

An examination of the record reveals that appellants did not meet their burden of proof. Based upon the evidence presented at trial, the jury could reasonably conclude that contributions were properly made on behalf of all employed carpenters by Better Building during the audit period and therefore no contributions were owed for the thirteen questioned individuals. In addition, the evidence indicates that payments for tool rental were properly so categorized and were not a subterfuge for wages in order to avoid paying benefit contributions to the trust fund. The carpenters' wages, upon which benefit contributions were made,

remained the same. Better Building merely paid a "tool rental" to the carpenters to furnish and transport whatever tools they needed in an attempt to eliminate the loss of tools and the lost time resulting from the distribution, gathering, maintenance and repair of the tools previously supplied by Better Building. The jury's decision that the tool rental payments were not disguised compensation for work performed is reasonable and fully supported by the record.

Moreover, the trial court instructed the jury that "a non-breaching party to a contract is entitled to all sums which that party would have received had the contract not been breached." The appellants' contention that the jury disregarded this instruction is meritless. Had the contract which forbade employers from making tool rental payments not been breached, Better Building would have applied the tool rental payments towards the purchase, maintenance and repair of their own tools, the wages would have remained the same, and the appellants would not, therefore, have received any additional benefit payments. Appellants were not damaged by respondent's breach. Also, as discussed earlier, tool rentals were contractually prohibited because some contractors were using them as a subterfuge to avoid paying benefits. This is not the case here. The jury properly concluded that appellants were not entitled to recover damages for breach of contract.

Appellants also contend that the lower court committed prejudicial error by allowing respondent to offer testimony as to rulings by the Internal Revenue Service (IRS) and the Nevada Industrial Commission (NIC) which accepted Better Building's tool rental payments as such. Our review of the record convinces us that in view of the other evidence presented concerning the tool rental payments, the admission of the IRS ruling, even if properly objected to, was harmless and does not necessitate a reversal. See NRCP 61. Testimony concerning NIC's acceptance was also harmless, but more importantly, was never objected to at trial. We will not, therefore, consider it on appeal. Old Aztec Mine, Inc. v. Brown, 97 Nev. 49, 623 P.2d 981 (1981).

In Bates v. Chronister, 100 Nev. 675, 691 P.2d 865 (1984), this Court held that:

> [A] motion for [JNOV] may be granted *only* when, without weighing the credibility of the evidence, there can be but one reasonable conclusion as to the proper judgment. Where there is conflicting evidence or there is insufficient evidence to make a "one-way" verdict proper, [JNOV] should not be

awarded. In considering the motion, the court must view the evidence in the light most favorable to the party who secured the jury verdict.

*See also,* Hernandez v. City of Salt Lake, 100 Nev. 504, 686 P.2d 251 (1984). Viewing the evidence in the light most favorable to Better Building, the jury could reasonably reach a verdict contrary to that desired by appellants. Accordingly, the trial court did not err by denying appellants' motions for new trial and JNOV. Moreover, because there is substantial evidence to support the jury's decision, we will not disturb it. Udevco, Inc. v. Wagner, 100 Nev. 185, 678 P.2d 679 (1984).

Better Building asserts in its cross appeal that the trial court abused its discretion when it failed to grant them attorney's fees since appellants did not recover a more favorable judgment than their Rule 68 offer of judgment.

This Court recently noted in Beattie v. Thomas, 99 Nev. 579, 668 P.2d 268 (1983), that the purpose of Rule 68 "is not to force plaintiffs unfairly to forego legitimate claims" and that:

> In exercising its *discretion* regarding the allowance of fees and costs under NRCP 68 . . . the trial court must carefully evaluate the following factors: (1) whether the plaintiff's claim was brought in good faith; (2) whether the defendants' offer of judgment was reasonable and in good faith in both its timing and amount; (3) whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and (4) whether the fees sought by the offeror are reasonable and justified in amount. [Emphasis added.]

The trustees in this case had a fiduciary duty to collect from signatory employers all amounts due as contributions to the trust funds for each hour worked by every carpenter employee. When Better Building's books were audited, appellants were refused access to the general ledger or cash disbursement journal. Without access to those records, no accurate determination could be made of whether Better Building had fully reported and paid benefits on all hours worked by its carpenter employees. It was not until nine months after the Rule 68 offer of judgment was made that such documents were produced. A Rule 68 offer expires ten days after its tender. Hence, absent the essential documents, it cannot be said appellants' decision to proceed with litigation was unreasonable or in bad faith. We are convinced the lower court did not abuse its discretion in refusing to award Better Building attorney's fees.

Better Building also argues that NRS 18.010(5) should be

extended to permit them an award of attorney's fees. We disagree. NRS 18.010(2)(c) specifically precludes Better Building from receiving an award of attorney's fees in this case. NRS 18.010(5) states that subsection 2 does not apply "to any action arising out of a written instrument or agreement which entitled *the prevailing party* to an award of reasonable attorney's fees." In the present case, the contract entered into between the parties provided that appellants were entitled to attorney's fees if they prevailed, not that such fees were permitted to the prevailing party. We simply cannot construe the statutory language as covering the unilateral provision for fees set forth in the parties' contract. Better Building was properly refused an award of attorney's fees.

The respondent in this case also appeals to this court, claiming that the lower court abused its discretion when it did not award Better Building the expenses and costs of their expert utilized for preparation of their defense. Better Building's rationale is unpersuasive. Although a Rule 68 offer does not provide for payment of expert witness fees, respondent proposes that NRS 17.115, which does provide for a discretionary award of expert witness fees, should be read together with NRCP 68. Better Building cites to Armstrong v. Riggi, 92 Nev. 280, 549 P.2d 753 (1976), for analogous support of this proposition. This Court, however, need not address this question inasmuch as Better Building's offer of judgment in this case was tendered expressly pursuant to Rule 68. The refused offer was necessarily subject to the terms under which it was made.

Moreover, Better Building's expert, Mr. Goodman, was never sworn and did not testify at trial. Accordingly, the lower court did not abuse its discretion by refusing to award Better Building expert witness fees. Mays v. Todaro, 97 Nev. 195, 626 P.2d 260 (1981).

Finally, Better Building contends that the trial court erred in refusing to increase its award of expert witness fees to Richard Strahlem. NRS 18.005(5) makes discretionary an award of more than $750.00 for an expert witness. Unless "the circumstances surrounding the expert's testimony were of such necessity as to require the larger fee," $750.00 is sufficient. Our review of the record discloses a lack of such necessity and therefore the lower court did not abuse its discretion.

We have considered the remaining contentions of error and consider them to be without merit. Accordingly, we affirm the judgment entered upon the jury verdict.

MOWBRAY, GUNDERSON, and YOUNG, JJ., concur.

Springer, C. J., dissenting:

During the course of trial the district court permitted Better Building to introduce testimony, over objection, that the Internal Revenue Service had "accepted Better Building's tool rental payments as such."[1] Clearly, this second-hand testimony of the Internal Revenue Service's out-of-court opinion was offered to prove the truth of the matter asserted (that the tool rental payments were such and not salary as contended by the Trustees). It cannot be claimed that the testimony was anything other than legally inadmissible hearsay. NRS 51.035; NRS 51.065; Archibald v. State, 77 Nev. 301, 362 P.2d 721 (1961); United Association of Journeyman v. Stone, 76 Nev. 189, 351 P.2d 965 (1960); Las Vegas Sun v. Franklin, 74 Nev. 282, 329 P.2d 867 (1958); State v. McKay, 63 Nev. 118, 165 P.2d 389 (1946); Zelavin v. Tonopah Belmont Dev. Co., 39 Nev. 1, 149 P. 188 (1915); In Re Kelly, 28 Nev. 491, 83 P. 223 (1905); Jones and Colla v. O'Farrel, James and Co., 1 Nev. 354 (1865). This much appears to be recognized by the majority; however, after conceding the inadmissible nature of the testimony and timely objection thereto, the majority then declares the error "harmless."[2]

The majority's resort to the "harmless error" rule in order to reach its preferred result is an usurpation of the jury's exclusive role as fact finder. In literally hundreds of cases this court has held that it is the exclusive province of the jury to serve as finder of fact; however, the majority opinion seems to ignore that rule and conclusively presumes to find "other evidence" to support the verdict. Majority Opinion at 3. That conclusion exceeds our scope of review.

In a civil case the plaintiff must establish his or her case by a preponderance of the evidence. As stated above, it is exclusively the province of the jury to weigh the evidence and determine where the preponderance lies. Ewing v. Sargent, 87 Nev. 74, 482 P.2d 819 (1971); Briggs v. Zamalloa, 83 Nev. 400, 432 P.2d 672 (1967); Barreth v. Reno Bus Lines, 77 Nev. 196, 360 P.2d 1037 (1961). It is hard to conceive that the jury's "weighing" of the evidence would not be influenced by testimony that an agency of

---

[1]Better Building was also permitted to introduce testimony that the Nevada Industrial Commission had also accepted that characterization of the payments. Although the majority invokes a procedural bar to consideration of the admissibility of that testimony, all that follows in this dissent is equally applicable to that testimony.

[2]The Trustees objected to this testimony on the grounds that it was hearsay, irrelevant and lacked foundation. The majority does not seem to deny the presence of those evidentiary faults. The record clearly supports the merit of all three objections.

the federal government had already found as fact a matter at issue in the instant trial.[3]

Just how much the jury was influenced by this testimony is uncertain; it may have contributed only in a minor way or it may have been the factor that most influenced the jury. The truth is we don't know where the jury would have found the preponderance of evidence without this testimony. Regardless, the majority is prepared to state conclusively that it had no impact whatsoever. Unable to agree with such a conclusion, I dissent.

---

[3]This conclusion is all the more certain in light of the fact that the Internal Revenue Service, an entity whose decisions influence affect all Americans, was the agency involved.