SARA L. FAVA, APPELLANT, *v.* THE HAMMOND COMPANY, A CALIFORNIA CORPORATION; STATE SAVINGS AND LOAN ASSOCIATION, A CALIFORNIA CORPORATION; RENAISSANCE DEVELOPMENT CO., INC., A NEVADA CORPORATION DBA GENERAL EQUITY MORTGAGE CO.; WARREN C. RIVERS; LINDA RIVERS; TITLE INSURANCE & TRUST CO., A CALIFORNIA CORPORATION, RESPONDENTS.

No. 16566

June 26, 1986                                        720 P.2d 702

*R. L. Rickdall,* Las Vegas, for Appellant.

*Monsey, Andrews & Reed,* Las Vegas, for Respondents, The Hammond Company and State Savings and Loan Association.

*Deaner & Deaner,* and *Susan Williams Scann,* Las Vegas, for Respondent, Title Insurance & Trust Co.

## OPINION

*Per Curiam:*

The central issue on appeal is whether a power of attorney executed by appellant Sara L. Fava (Fava) was a general power of attorney as a matter of law.[1] We conclude that it was not. We reverse the district court's order granting respondent Title Insurance & Trust Co.'s (Ticor) NRCP 41(b) motion.

On March 16, 1981, Mr. and Mrs. Fava invested $25,000 through General Equity Mortgage (GEM). The Favas and Christian Javelly loaned a Mr. and Mrs. Rivers $45,000, evidenced by a promissory note secured by a third deed of trust on real property located in Clark County, Nevada. GEM was the Favas' agent. Ticor was the escrow holder.

---

[1]Fava brought an action in negligence against respondent Title Insurance & Trust Co. (Ticor). Fava asserted that Ticor negligently reconveyed a March 1981 deed of trust and extinguished Fava's priority on that deed of trust. In this same action, Fava also sought declaratory relief due to Ticor's reconveyance in a dispute concerning the priorities of deeds of trust as between respondents The Hammond Company and State Savings and Loan Association (collectively referred to as State Savings). At the close of the declaratory relief action, the district court entered a judgment in favor of State Savings and dismissed State Savings' cross-claim against Ticor.

In May, 1981, the Favas made an additional investment (the Christianson transaction) through GEM. During this transaction, the Favas executed a power of attorney naming GEM as their attorney-in-fact. The escrow holder for this transaction was a title company other than Ticor. This power of attorney was recorded on May 20, 1981.

In the fall of 1981, the Rivers applied for a new loan. Respondents, The Hammond Company and State Savings and Loan Association, (hereafter collectively referred to as State Savings) agreed to loan the Rivers $175,000 on the condition that State Savings would hold a first deed of trust on the same property that was subject to the Fava/Javelly deed of trust.

In December, 1981, the Rivers paid the monies due on the previous promissory notes, including the Fava/Javelly note. On December 30, 1981, GEM reinvested the Favas' $25,000 in a second loan to the Rivers which was secured by a different deed of trust on the same property.[2] Ticor was the escrow holder.

On January 12, 1982, State Savings recorded its $175,000 deed of trust. At this time the State Savings' deed of trust was junior to the original Fava/Javelly deed of trust.

On January 13, 1982, GEM requested Ticor to issue a full reconveyance of the Fava/Javelly deed of trust. Relying upon the original May, 1981 power of attorney executed by the Favas, Ticor acted upon GEM's instructions. On January 14, 1982, Ticor executed and recorded a full reconveyance of the original Fava/Javelly deed of trust and extinguished Fava's priority over State Savings' deed of trust.

Mrs. Fava testified that she did not request nor authorize the full reconveyance. Mrs. Fava stated that she did not receive actual notice that her deed of trust had become junior to State Savings' deed of trust until the fall of 1982 when the Rivers defaulted and declared bankruptcy. At that time, Mrs. Fava claimed that she had not consented to Ticor's reconveyance of the Fava/Javelly deed of trust and the extinguishment of her original priority.

Ticor's position was that the May, 1981 power of attorney was a general power of attorney and that it clothed GEM with the necessary authority to request the full reconveyance. Mrs. Fava asserted that the May, 1981 power of attorney was limited and executed only for the unrelated Christianson transaction. The district court agreed with Ticor and granted its NRCP 41(b) motion to dismiss.

In reviewing such a motion to dismiss, the plaintiff's evidence and all reasonable inferences that can be drawn from the evidence

---

[2]Ticor recorded this deed on trust on January 13, 1982.

must be admitted. The evidence must be interpreted in the light most favorable to the plaintiff. Shepard v. Harrison, 100 Nev. 178, 678 P.2d 670 (1984).

In the case at bar, the power of attorney was executed in May, 1981, six months prior to the January, 1982 deed of trust. The power of attorney was directed to a different title company concerning another transaction. The language utilized in the power of attorney was in the singular: "and, upon payment of *the* Note, a Request for Full Reconveyance." (Emphasis added.) Mrs. Fava claimed that she did not consent to the December/January transactions. An inference to be drawn from these facts is that the power of attorney was a limited power of attorney and not executed by Mrs. Fava in contemplation of the subsequent transaction. We conclude that the district court erred by granting Ticor's NRCP 41(b) motion.

It is undisputed by the parties that State Savings was an innocent party to these transactions. State Savings had no actual or implied notice that Mrs. Fava did not consent to Ticor's reconveyance of the Fava/Javelly deed of trust. The district court properly found in favor of State Savings and dismissed State Savings' cross-claim against Ticor. Udevco, Inc. v. Wagner, 100 Nev. 185, 678 P.2d 679 (1984).

We reverse the judgment of dismissal and remand for further proceedings.[3]

---

[3]We note that after the district court rendered its decision, appellant failed to seek a stay pending appeal. Hence, the property which secured the deeds of trust was sold at a foreclosure sale. Thus, the only relief, if any, available to Mrs. Fava is damages.