Truman W. NICOLAUS, Plaintiff,

v.

WEST SIDE TRANSPORT, INC., an Iowa corporation; West Side Unlimited Corp., an Iowa corporation; and Johnny R. Reimers, Defendants.

Helmsman Management Services, Inc., Intervenor.

No. CV–N–97–429–PHA.

United States District Court, D. Nevada.

May 3, 1999.

Donald E. Wharton, Sacramento, California, for the plaintiff.

Robert A. Dotson, Gregory Brower, Laxalt & Nomura, Ltd., Reno, Nevada, for the defendants.

Michael A. Federico, Rawlings, Olson, Cannon, Gormley & Desruisseaux, Las Vegas, Nevada, for the intervenor.

## ORDER

ATKINS, United States Magistrate Judge.

Before the Court in this personal injury case are the following post-trial motions: (a) Intervenor Helmsman Management Services, Inc.'s ("Helmsman") motion (# 63 & # 65) for enforcement of subrogation rights; (b) Helmsman's motion (# 66) for attorney fees and costs; (c) Defendants' objections (# 69) to Helmsman's bill of costs; (d) Defendants' objections (# 70 & # 76) to Plaintiff's bill of costs; and (e) Defendants' objection (# 77) to Helmsman's filing of an opposition to Defendants' objections to Helmsman's bill of costs.

### I. Background

On August 27, 1996, Defendant Johnny R. Reimers ("Reimers"), while driving a tractor-trailer rig for his employers, Defendants West Side Transport, Inc., and West Side Unlimited Corp., collided with the rear end of a tractor-trailer rig driven by Plaintiff for his employer, Roadway Express. Thereafter, Plaintiff applied for, and received, workers' compensation benefits from Roadway Express's third-party workers' compensation administrator, Helmsman.

On July 23, 1997, Plaintiff instituted this personal injury action, alleging that Reimers was negligent in operating his tractor-trailer rig. Helmsman then intervened to protect its right of subrogation. A jury verdict in

the amount of $426,000.00 was rendered against the Defendants on January 19, 1999.

## II. DISCUSSION

### A. Helmsman's Motion for Enforcement of Subrogation Rights

Helmsman seeks to exercise its right of subrogation to $60,216.90 of the jury verdict rendered against Defendants. *See* NEV.REV. STAT. § 616C.215 (1997). No opposition has been filed. *See* LR 7-2(d) ("The failure of an opposing party to file points and authorities in response to any motion ... constitute[s] a consent to the granting of the motion.").

■ The Court has examined the evidence offered by Helmsman detailing the indemnity and medical expenditures made on Plaintiff's behalf. Based on that examination, the Court finds that Helmsman is subrogated to Plaintiff's right to receive $60,216.90 of the jury's verdict. NEV.REV.STAT. § 616C.215(2)(b) & (5) (1997). As to Helmsman's obligation for future indemnity and medical expenditures, that obligation is suspended to the extent of Plaintiff's remaining recovery of the jury's verdict from Defendants. *AT & T Tech. v. Reid,* 109 Nev. 592, 596, 855 P.2d 533, 536 (1993).

### B. Helmsman's Motion for Attorney Fees and Costs, and Defendants' Objections to Helmsman's Bill of Costs

Helmsman demands costs in the amount of $3,118.77, and attorney fees in the amount of $3,720.00. The statutory bases for these demands are listed as Rules 54(d) and 68 of the Federal Rules of Civil Procedure, and Rule 68 of the Nevada Rules of Civil Procedure.

■ Defendants argue that Helmsman is not entitled to reimbursement for costs under Federal Rule 54(d) because Helmsman

was not a prevailing party. Rule 54(d) states: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." FED.R.CIV.P. 54(d)(1); *see also* LR 54-1(a). "A party in whose favor judgment is rendered is generally the prevailing party for purposes of Rule 54(d)." *d'Hedouville v. Pioneer Hotel Co.,* 552 F.2d 886, 896 (9th Cir.1977). "[A]n intervenor is entitled to the same cost considerations as the original parties." 10 CHARLES A. WRIGHT, ET AL., FEDERAL PRACTICE AND PROCEDURE § 2667, AT 224 (3rd ed.1998). The fundamental inquiry in assessing a prevailing intervenor's request for costs is whether the intervenor substantially contributed to the resolution of the issues presented. *American Pub. Gas Ass'n v. Federal Energy Regulatory Comm'n,* 587 F.2d 1089, 1098–99 (D.C.Cir.1978); *MDT Corp. v. New York Stock Exchange, Inc.,* 858 F.Supp. 1028, 1033 (C.D.Cal.1994).

■ Helmsman has prevailed in this action, *see supra* Part II.A., and has substantially contributed to the resolution of the issues involved by conducting discovery, proposing jury instructions, and presenting pretrial argument on the applicability of Nevada Revised Statute section 41.133,[1] and the ability of Defendants to assert a comparative negligence defense. Accordingly, Helmsman is entitled to costs under Federal Rule 54(d).

Realizing that the Court might reach this conclusion, Defendants have also offered objections to the specific items listed in Helmsman's bill of costs. Defendants object to $322.18 for "long distance," $2033.08 for "deposition transcripts and exhibits," $555.00 for air fare related to depositions and "court

---

1. Section 41.133 states that, "[i]f an offender has been convicted of the crime which resulted in the injury to the victim, the judgment of conviction is conclusive evidence of all facts necessary to impose civil liability for the injury." NEV.REV.STAT § 41.133 (1997). This statute was implicated by the fact that Reimers, after rear-ending Plaintiff, was convicted in state court of violating Nevada Revised Statute section 484.251(1), entitled, "Following too closely." The question of section 41.133's applicability was novel given the legislature's use of the unforgiving term, "conclusive

evidence." The Court, after hearing oral argument and conducting independent research, ruled that legislative intent and caselaw required "conclusive evidence" to be interpreted as "prima facie evidence." *See* HEARING ON ASSEMBLY BILL 268 (Apr. 30, 1985); *Asato v. Furtado,* 52 Haw. 284, 474 P.2d 288, 294 (1970); *Hurtt v. Stirone,* 416 Pa. 493, 206 A.2d 624, 627 (1965). *See generally* Jay M. Zitter, Annotation, *Admissibility of Traffic Conviction in Later State Civil Trial,* 73 A.L.R.4th 691 (1989).

traveling," $51.81 for "out of city meals," $144.20 for "out of city cab fare/parking," and $12.50 for federal express mailing.

■■■ A cost item that is not distinctly set forth in a readily understandable fashion is not recoverable. LR 54–1(b). Furthermore, only the items of cost listed in the Local Rules of Practice and Title 28 of the United States Code are recoverable.

■■ As Defendants point out, Helmsman's bill of costs is vague and replete with items which are not taxable. Although Helmsman has filed a response to Defendants' objections, *see infra* Part II.D., Helmsman makes no attempt to justify the particular items of cost in light of the Defendants' valid concerns. Helmsman only states, in conclusory fashion, that it is entitled to all reasonable costs.

■■ The Court has waded through the receipts attached to Helmsman's bill of costs and confidently retrieved a figure of $622.10 for taxable deposition costs.[2] The retrieval of other taxable costs from those receipts is not possible given the limited information they provide.

■■■ On another front, Defendants argue that costs and attorney fees are unavailable under Federal Rule 68 because Helmsman was not a defendant in this action. Federal Rule 68 provides that, if a defending party makes an offer to allow judgment to be taken against it, and that offer is rejected, the defending party may recover its post-offer costs where the attacking party obtains a judgment less than the amount offered. FED.R.CIV.P. 68. Federal Rule 68 has no application to offers made by an attacking party, such as a plaintiff or a counterclaimant. *Delta Air Lines, Inc. v. August,* 450 U.S. 346, 350, 101 S.Ct. 1146, 1149, 67 L.Ed.2d 287 (1981); *Simon v. Intercontinental Transport (ICT) B.V.,* 882 F.2d 1435, 1439 (9th Cir.1989). In contrast, Nevada Rule 68 permits "any party" to make an offer of judgment. NEV.R.CIV.P. 68 (1997);[3] *see, e.g., Uniroyal Goodrich Tire Co. v. Mercer,* 111 Nev. 318, 322–23, 890 P.2d 785, 788–89 (1995).

Here, Helmsman intervened as a plaintiff in this action, *see* COMPL. IN INTERVENTION (# 17); thus, Helmsman cannot resort to Federal Rule 68 for attorney fees or costs. But because this case was tried under the Court's diversity jurisdiction, 28 U.S.C. § 1332, it must be determined whether *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), and its progeny "command[ ] the enforcement of state law." *Hanna v. Plumer,* 380 U.S. 460, 470, 85 S.Ct. 1136, 1143, 14 L.Ed.2d 8 (1965).

In *Healy Co. v. Milwaukee Metro. Sewerage Dist.,* the federal district court for the Eastern District of Wisconsin concluded that Federal Rule 68 occupied the entire field of settlement offers, and therefore, an offer of settlement made by plaintiff Healy Company under Wisconsin law[4] was ineffective. 60

---

2. This figure is calculated by adding $105.80 for the video deposition of Josef Ulber, $85.00 for a copy of the Ulber deposition transcript, $190.00 for a copy of Plaintiff's deposition transcript, $46.20 for a copy of John Graham's deposition transcript, $49.50 for a copy of Jiles Smith's deposition transcript, $88.20 for a copy of Edward Howden's deposition transcript, and $57.40 for a copy of Haydon Hill's deposition transcript. Receipts for deposition transcripts in the amounts of $252.25 and $228.10, but which are not attributed to any particular deposition in this case, will not support a taxation of costs.

 As an aside, contrary to Defendants' assertion, the costs of videotaping and transcribing a deposition are taxable. *Tilton v. Capital Cities/ABC, Inc.,* 115 F.3d 1471, 1478 (10th Cir.1997).

3. Sub-section (a) of Nevada Rule of Civil Procedure 68 states:

 "At any time more than 10 days before trial, any party may serve an offer in writing to allow judgment to be taken in accordance with its terms and conditions." NEV.R.CIV P. 68(a) (1997). Sub-section (f) further states that any offeree who

 > rejects an offer and fails to obtain a more favorable judgment ... shall pay the offeror's post-offer costs, applicable interest on the judgment from the time of the offer to the time of entry of the judgment and reasonable attorney's fees, if any be allowed, actually incurred by the offeror from the time of the offer.

 NEV.R.CIV.P. 68(f)(2) (1997).

4. Wisconsin Statute section 807.01(3) states:

 > After issue is joined but at least 20 days before trial, the plaintiff may serve upon the defendant a written offer of settlement for the sum, or property, or to the effect therein specified, with costs.... If the offer of settlement is not accepted and the plaintiff recovers a more favorable judgment, the plaintiff shall recover double the amount of the taxable costs.

F.3d 305, 307 (7th Cir.1995). The Seventh Circuit reversed, holding that Wisconsin's offer-of-settlement rule supplanted Federal Rule 68 under the *Erie* doctrine. *Id.* at 310–12 (7th Cir.1995). In reaching that holding, the Seventh Circuit first found no direct conflict between Wisconsin's rule, which permits plaintiffs to make settlement offers, and Federal Rule 68, which permits defendants to make offers of judgment. *Id.* at 310. With preemption concerns allayed, the court then looked at whether Wisconsin's rule influenced state substantive outcomes; but no such influence could be seen. *Id.* Retreating then to the core concerns of *Erie* —discouragement of forum-shopping and avoidance of inequitable administration of the laws—the Seventh Circuit observed that, if the Wisconsin rule had no applicability in diversity cases, defendants would be influenced to remove cases to federal court in order to avoid the choice between settling on a plaintiff's terms or escalating the amount of a plaintiff's potential recovery. *Id.* at 311. The court further noted that applying the Wisconsin rule would not undermine the Federal Rules of Civil Procedure because no direct conflict existed, and because states may craft procedural rules which favor plaintiffs but which do not upset the deliberate balance struck in the federal rules between the rights of plaintiffs and defendants. *Id.* at 312.

This Court finds the reasoning and conclusion reached in *Healy* persuasive as to the application of Nevada Rule of Civil Procedure 68 in federal court diversity cases regarding costs. As to attorney fees, however, application of the state rule would transgress the limits of *Erie*.

 Under Nevada Rule 68, where an offeree rejects an offer of judgment and fails to obtain a more favorable judgment, the offeror's post-offer attorney fees are recoverable as a matter of course, subject only to considerations of good faith and reasonableness of the claims or defenses, the offer of judgment, and the requested attorney fees. *Yamaha Motor Co. v. Arnoult,* 114 Nev. 233, 955 P.2d 661, 672–73 (1998); NEV.

R.CIV.P. 68(f)(2) (1997) Federal Rule 68, on the other hand, "shifts costs, not fees, unless attorney fees are a part of costs under the substantive statute." *Nusom v. Comh Woodburn, Inc.,* 122 F.3d 830, 834 (9th Cir. 1997). *Accord Parkes v. Hall,* 906 F.2d 658, 660 (11th Cir.1990); *Zackaroff v. Koch Transfer Co.,* 862 F.2d 1263, 1265 (6th Cir. 1988). The substantive statute involved in this case is Nevada Revised Statute section 41.130, which states that "whenever any person shall suffer personal injury by wrongful act, neglect or default of another, the person causing the injury is liable to the person injured for damages." NEV.REV.STAT. § 41.130 (1997). Within section 41.130, there is no provision for any award of attorney fees. To the extent that Nevada's substantive personal injury law is inseparable from Nevada's offer-of-judgment rules, the latter "treat[ ] costs and attorney's fees as separate items; [they] do[ ] not define attorney's fees as part of costs." *Gil de Rebollo v. Miami Heat Assoc.'s, Inc.,* 137 F.3d 56, 66 (1st Cir.1998). *See* NEV.REV.STAT. § 17.115(4)(b) ("If the party to whom the offer of judgment is made fails to obtain a more favorable judgment, ... the court shall order him to pay to the party who made the offer that party's taxable costs incurred from the date of filing the complaint, and may order also ... reasonable attorney's fees...."); NEV.R.CIV.P. 68(f)(2) ("If the offeree rejects an offer and fails to obtain a more favorable judgment, ... the offeree shall pay the offeror's post-offer costs, applicable interest on the judgment ... and reasonable attorney's fees...."). The problem, thus, is that Federal Rule 68 and Nevada Rule 68 collide with respect to attorney fees. *See Aceves v. Allstate Ins. Co.,* 68 F.3d 1160, 1168 (9th Cir.1995) (stating that federal and state offer-of-judgment rules are in "direct collision" where "the state rule ma[kes] attorneys fees compensable"); *Gil de Rebollo,* 137 F.3d at 66 (finding Puerto Rico's offer-of-judgment rule, which permits the recovery of attorney fees, in "direct collision" with Federal Rule 68).

WIS STAT. § 807.01(3) (1998). Sub-section (4) further permits a plaintiff or defendant offeror who obtains "a judgment which is greater than or

equal to the amount specified" in the rejected offer to recover interest on the judgment. *Id.* § 807.01(4).

But is that collision avoided by a plaintiff—rather than a defendant—making an offer of judgment, considering that Federal Rule 68 does not provide for plaintiffs' offers of judgment? In other words, does the omission of plaintiffs' offers of judgment from Federal Rule 68 mean that the rule is necessarily silent on the issue of attorney fees when a plaintiff makes an offer of judgment under Nevada Rule 68? A valid argument could certainly be made that Federal Rule 68's applicability to only defending parties leaves room for the operation of state law, *see Burlington Northern R.R. Co. v. Woods,* 480 U.S. 1, 4–5, 107 S.Ct. 967, 969, 94 L.Ed.2d 1 (1987), on any matter pertaining to plaintiffs' offers of judgment. Acceptance of that argument, however, would still require the Court "to evaluate whether application of [Federal Rule 68] would disserve the so-called 'twin aims of the *Erie* rule: discouragement of forum-shopping and avoidance of inequitable administration of the laws.'" *Stewart Org., Inc. v. Ricoh Corp.,* 487 U.S. 22, 27 n. 6, 108 S.Ct. 2239, 2243 n. 6, 101 L.Ed.2d 22 (1988) (quoting *Hanna,* 380 U.S. at 468, 85 S.Ct. at 1142). The Court now undertakes such an evaluation.

Application of Nevada Rule 68, instead of the corresponding federal rule, to plaintiffs' offers of judgment insofar as attorney fees are concerned in diversity cases, would encourage forum-shopping and create an inequitable administration of law. This is so, given that a defendant in a federal court diversity case who makes an offer of judgment would be required to use Federal Rule 68—which ties an award of attorney fees to state substantive law—whereas a plaintiff in the same case could make an offer of judgment using Nevada Rule 68—which provides for an award of attorney fees as a matter of course. The potential for unfairness caused by this dichotomy is well-demonstrated by the facts of the present case. For instance, had Defendants made an offer of judgment which was rejected by Helmsman, and the jury then returned a verdict in excess of the offer, Defendants would not be able to recoup their post-offer attorney fees because Nevada personal injury law does not award attorney fees as part of taxable costs. Helmsman, though, by making Nevada Rule 68 offers of judgment, could obtain post-offer attorney fees simply by obtaining a jury verdict more favorable than the offers rejected by the Defendants. These scenarios can easily be imagined to influence the forum in which plaintiffs sue citizens of different states, given the considerable attorney fees generated in litigation. Furthermore, the scenarios can be seen as creating a disincentive to removal by out-of-state defendants who would otherwise desire the protection and alacrity offered by a federal court.

■ The Court holds, then, that *Erie* precludes the enforcement of state law insofar as it would inject the availability of attorney fees into diversity cases. As to the availability of a plaintiff's costs, however, effect must be given to state law. *See Healy, supra.* This limited acceptance of Nevada Rule 68 into diversity cases reflects a balance between maintaining the integrity of the congressionally sponsored Federal Rules of Civil Procedure, *see Woods,* 480 U.S. at 5, 107 S.Ct. at 970, and observing "important state interests and regulatory policies," *Gasperini v. Center for Humanities, Inc.,* 518 U.S. 415, 116 S.Ct. 2211, 2219 n. 7, 135 L.Ed.2d 659 (1996).

■ With the procedural dimensions of plaintiffs' offers of judgment now established, the Court turns to Defendants' contention that Nevada Rule 68 is inapplicable because Helmsman, in its offers of judgment, expressly stated that the offers were made pursuant to Federal Rule 68. The rules of contract construction are used to interpret the import of offers of judgment. *See Fleischer v. August,* 103 Nev. 242, 246, 737 P.2d 518, 521 (1987); *accord Guerrero v. Cummings,* 70 F.3d 1111, 1113 (9th Cir. 1995). Language that is clear and free of ambiguity is binding. *Dickenson v. Department of Wildlife,* 110 Nev. 934, 937, 877 P.2d 1059, 1061 (1994); *Watson v. Watson,* 95 Nev. 495, 496, 596 P.2d 507, 508 (1979). Helmsman's offers of judgment unmistakably invoke the federal offer-of-judgment rule. In *Trustees, Carpenters v. Better Bldg. Co.,* the Nevada Supreme Court ruled that the defendant, who had tendered an offer of judgment expressly pursuant to Nevada Rule 68, was

not entitled to an award of expert witness fees under the offer-of-judgment provisions of section 17.115 of the Nevada Revised Statutes.[5] 101 Nev. 742, 747, 710 P.2d 1379, 1382–83 (1985). The court succinctly explained that "[t]he refused offer was necessarily subject to the terms under which it was made." *Id.* at 747, 710 P.2d at 1383.

Because Helmsman did not make its offers of judgment pursuant to Nevada Rule 68, Helmsman may not invoke that rule to recover its costs.

### C. Defendants' Objections to Plaintiff's Bill of Costs

On April 13, 1999, Plaintiff withdrew his bill of costs. Defendants' objections are, therefore, moot.

### D. Defendants' Objection to Helmsman's Filing of an Opposition Brief

Defendants complain that no response is permitted to their objections to Helmsman's bill of costs. Defendants, therefore, request that Helmsman's February 26, 1999 opposition brief not be considered by the Court.

 Local Rules of Practice 54–13 and 54–14, entitled "Method of Taxation of Costs" and "Review of Costs," respectively, do not provide for a response to any objection to a bill of costs. Local Rule 54–14 only permits "review of the clerk's taxation of costs by motion to retax." LR 54–14(a). Because costs have not yet been taxed by the clerk, Helmsman's response to the Defendants' objections was premature.

In the interests of judicial expediency, however, the February 26, 1999 opposition brief will be construed by the Court as a motion to retax; the motion is denied.

### III. Conclusion

It is hereby ORDERED that Helmsman's motion (# 63 & # 65) for enforcement of subrogation rights is GRANTED. Plaintiff

shall pay $60,216.90 to Helmsman. Helmsman's obligation for future indemnity and medical expenditures on behalf of Plaintiff is suspended to the extent of $365,783.10.

It is further ORDERED that Helmsman's motion (# 66) for attorney fees and costs is GRANTED IN PART and DENIED IN PART. Defendants shall pay $622.10 as Rule 54(d) costs to Helmsman. Costs and attorney fees shall not be awarded under Federal Rule of Civil Procedure 68 or Nevada Rule of Civil Procedure 68.

It is further ORDERED that Defendants' objections (# 70 & # 76) to Plaintiff's bill of costs are DENIED as moot: the bill of costs has been withdrawn (# 78) by Plaintiff.

It is finally ORDERED that Defendants' objection (# 77) to Helmsman's filing of a February 26, 1999 opposition brief (# 73) is DENIED. Helmsman's opposition brief has been considered by the Court as a motion to retax, and is DENIED.

---

**5.** In relevant part, section 17.115 provides:

If the party to whom the offer of judgment is made fails to obtain a more favorable judgment, ... the court shall order him to pay to the party who made the offer that party's taxable costs incurred from the date of filing the complaint, and may order also a reasonable sum to cover costs of the services of expert witnesses who are not regular employees of any party actually incurred and reasonably necessary in the preparation of the case for trial by the prevailing party, interest on the judgment and reasonable attorney's fees incurred by the party making the offer from the time of the offer.

Nev.Rev.Stat. § 17.115(4)(b) (1997).